
FILED

FEB 23 2017

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,<br><br>Defendants. | Civil No. 1:16-cv-00036-SPW<br><br><br><br><br><br><br><br>ORDER |
| THE UNITED STATES OF AMERICA,<br><br>Intervenor Defendant and Counter/Cross Claimant, | |

v.

FAITH MCLAIN, CHRISTEEN MCLAIN,
JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN;
and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

    Counterclaim Defendants,

    and

FRANCIS MCLAIN, Individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, Individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

    Crossclaim Defendants,

    and

AMERICAN BANK OF MONTANA,

    Additional Defendant on United States' Claims

On July 8, 2014, the McLain Plaintiffs brought this declaratory judgment action in Montana state court against the McLain Defendants. On March 11, 2016, the state court granted the United States' Motion to Intervene. (Doc. 1-3). On April 8, 2016, the United States removed the case to federal court, invoking this Court's jurisdiction under 28 U.S.C. § 1441. (Doc. 1).

The principal issue in this case is the ownership of a ranch located in the Paradise Valley known as the E-3 Ranch. The McLain Plaintiffs and McLain Defendants filed cross-motions for summary judgment concerning whether one family member owns the ranch through adverse possession. (Docs. 23 and 30). The McLain Defendants also filed a motion to dismiss the United States' Intervenor Complaint. (Doc. 23).

On October 24, 2016, United States Magistrate Judge Carolyn Ostby issued her Findings and Recommendations recommending that this Court deny the cross-motions for summary judgment and deny the motion to dismiss. (Doc. 67). The McLain Defendants timely filed Objections to the Findings and Recommendations. (Doc. 69).

## I. Statement of facts

The McLain Defendants do not object to the factual history contained in the Background section of Judge Ostby's Findings and Recommendations. Judge Ostby's Background section is therefore adopted in full.

## II. Applicable law

### A. Standard of review

A district court reviews de novo any part of a Magistrate Judge's Findings and Recommendations to which there has been proper objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to

establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### C. Motion to dismiss standard

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

The McLain Defendants make two objections to Judge Ostby's Findings and Recommendations. First, the McLain Defendants argue the undisputed facts establish Caroline McLean obtained ownership of the E-3 Ranch by adverse possession. Second, the McLain Defendants argue the United States' Intervenor Complaint should be dismissed as a matter of law on several grounds: (a) the

5

enforcement of a trust fund recovery penalty against Frank McLain violates Double Jeopardy; (b) the United States' claims are untimely; and (c) the United States' alternate claim to foreclose on Frank McLain's interest in Bernard McLain's estate should be dismissed because such an interest is not a cognizable property interest that can be foreclosed on.

## A. Disputed facts prevent summary judgment on the McLain Defendants' adverse possession claim

In Montana, a party asserting a claim for adverse possession must prove the possession was actual, visible, exclusive, hostile, and continuous for the statutory period. *Tester v. Tester*, 3 P.3d 109, 114 (Mont. 2000). An adverse possession claim may be defeated with evidence that the use was permissive. *Lyndes v. Green*, 325 P.3d 1225, 1229 (Mont. 2014). Permission means more than mere acquiescence; it denotes the grant of a permission in fact or a license. *Lyndes*, 325 P.3d at 1230 (citing *Cremer v. Cremer Rodeo Land and Livestock Co.*, 627 P.2d 1199, 1201 (Mont. 1981)). Permissive use can ripen into hostile use if the possessor repudiates the permissive possession and gives the owner actual notice. *Martin v. Randono*, 573 P.2d 1156, 1160 (Mont. 1978).

Judge Ostby concluded disputed facts prevented summary judgment on the hostile element of the McLain Defendants' adverse possession claim. The McLain Defendants object to Judge Ostby's conclusion, arguing there is no evidence they ever received permission to use the E-3 Ranch. The Court agrees with Judge

6

Ostby because, whether it is ultimately determined that the E-3 Ranch is owned by Bernard's estate or the E-3 Ranch Trust, numerous pieces of evidence, including the McLain Defendants' own affidavits, create disputed issues of fact regarding whether the McLain Defendants' possession of the E-3 Ranch was permissive.

For example, Frank McLain's affidavit contradicts itself. First, Frank's affidavit states the quitclaim of the E-3 Ranch to his parents "was always intended to be a temporary arrangement" and that his parents had agreed to quitclaim the E-3 Ranch back to Frank and Caroline McLain after Frank repaid the debt owed to his parents. (Doc. 3-3 at 44). Frank's affidavit continues that "[m]y parents understood that they were holding the title on a temporary basis" and "[t]here was never any question that my wife and I would continue to possess and control the property after [the quitclaim] of the E-3 Ranch to my parents." (Doc. 3-3 at 44). Next, in contradiction to those statements, Frank's affidavit states neither he nor his wife "ever sought or received any permission from either of my parents to possess and control the property." (Doc. 3-3 at 44). Frank's affidavit does not explain how his or his wife's possession was without permission when his parents had apparently agreed to a temporary arrangement wherein there was no question Frank and his wife would continue to possess the property but the property would not be quitclaimed back to Frank until his debt was repaid.

7

Caroline's affidavit contains a similar contradiction. First, Caroline's affidavit states the quitclaim of the E-3 Ranch to Frank's parents "was always intended to be temporary . . . [they] understood that the property ultimately belonged to my husband Frank and me, and had verbally agreed with Frank to quitclaim it back to us or to the E-3 Ranch Trust once Frank's debt to them was repaid." (Doc. 3-3 at 88-89). Next, in contradiction to that statement, Caroline's affidavit states Frank's parents did not "give Frank or me express permission to possess and control the property." (Doc. 3-3 at 89). Similar to Frank's affidavit, Caroline's affidavit does not reconcile the absence of permission with the apparent temporary agreement regarding possession.

Mary's affidavit also indicates the McLain Defendants' possession was not hostile. Mary's affidavit states that, as power of attorney to Bernard McLain and as a Trustee of the E-3 Ranch Trust, she always believed that the McLain Defendants' use of the E-3 Ranch was with the permission of Bernard and/or the E-3 Ranch Trust. (Doc. 32-1 at 4).

Assuming the E-3 Ranch belongs to Bernard's estate, the affidavits of Frank, Caroline, and Mary create disputed issues of fact regarding the hostile element of the McLain Defendants' adverse possession claim. *Lyndes*, 325 P.3d at 1229. The Court is unaware of any undisputed facts that establish the alleged permissive use

ripened into a hostile use for the required statutory period. *Martin*, 573 P.2d at 1160.

Turning to the alternate theory that the E-3 Ranch belongs to the E-3 Ranch Trust, Frank's affidavit states he was the "managing director" of the E-3 Ranch Trust with duties to "protect the trust's assets for its Certificate Holders." (Doc. 3-3 at 43). Assuming the E-3 Ranch Trust holds title to the E-3 Ranch, the McLain Defendants do not explain how Frank or his wife possessed the E-3 Ranch without the E-3 Ranch Trust's permission when Frank, as managing director of the trust, was charged with "protect[ing] the trust's assets."

The Court agrees with Judge Ostby that disputed issues of fact prevent summary judgment on the McLain Defendants' adverse possession claim. The McLain Defendants' objection is overruled.

### B. The United States' Intervenor complaint is not barred by Double Jeopardy, the statute of limitations, or due to a lack of a cognizable property interest

Judge Ostby recommended against dismissing the United States' Intervenor complaint. The McLain Defendants object, arguing the United States' Intervenor Complaint should be dismissed as a matter of law on several grounds: (1) the enforcement of a trust fund recovery penalty against Frank McLain violates Double Jeopardy; (2) the United States' claims are untimely; and (3) the United States' alternate claim to foreclose on Frank McLain's beneficial interest in

9

Bernard McLain's estate should be dismissed because such an interest is not a cognizable property interest that can be foreclosed on. The Court agrees with Judge Ostby.

### 1. The Double Jeopardy Clause does not bar the United States' claim because the United States' claim is a civil penalty not a criminal punishment

The Double Jeopardy Clause provides "No personal shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Clause does not prohibit "all additional sanctions" for the same conduct; rather, it protects only against the imposition of multiple criminal punishments for the same offense. *Hudson v. U.S.*, 522 U.S. 93, 99 (1997). The Supreme Court has adopted a two-step process to determine whether a penalty is civil or criminal. First, the Court must determine under statutory construction principles whether Congress indicated an express or implied preference for one label or the other. *Hudson*, 522 U.S. at 99. Next, even if Congress indicated the penalty is civil, the Court must evaluate whether the statutory scheme is so punitive either in purpose or effect that it transforms the intended civil sanction into a criminal penalty. *Hudson*, 522 U.S. at 99. In making the latter determination the Court should consider: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4)

whether its operation will promote the traditional aims of punishment, retribution, and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Hudson*, 522 U.S. at 99-100.

Judge Ostby concluded Congress intended 26 U.S.C. § 6672 to be a civil penalty and that § 6672 is not so punitive as to transform it into a criminal penalty. The McLain Defendants object, arguing the United States' claim is an attempt to punish Frank McLain for conduct for which he has already been convicted and sentenced to prison under 26 U.S.C. § 7202.

Regarding *Hudson*'s first step, the Court agrees with Judge Ostby that Congress intended § 6672 to be a civil penalty. Whereas § 7202 falls under Title 26's chapter titled "Crimes, Other Offense, and Forfeitures," § 6672 falls under Title 26's chapter titled "Additions to the Tax, Additional Amounts, and Assessable Penalties." Had Congress intended the penalty imposed by § 6672 to be a criminal punishment it would have likely placed the statute under Title 26's criminal chapter and attached any penalties to a finding of guilt.

Turning to *Hudson*'s second step, every court to consider whether § 6672 imposes a criminal punishment has found it does not. *See U.S. v. Pepperman*, 976 F.2d 123, 127 (3rd Cir. 1992) ("[T]he liability imposed under section 6672 is not

11

penal in nature, but rather is a means of ensuring that withholding taxes are paid.");
*Erwin v. U.S.*, 591 F.3d 313, 319 (4th Cir. 2010) ("§ 6672 does not actually punish; rather, it brings the government only the same amount to which it was entitled by way of the tax.") (internal quotations and citation omitted); *Turnbull v. U.S.*, 929 F.2d 173, 178 n. 6 (5th Cir. 1991) ("[T]he government only collects the taxes due, not both the taxes due and an additional penalty equal to the amount of the taxes. Therefore, section 6672 is simply a means of ensuring that the tax which is unquestionably owed the Government is paid.") (internal quotations and citation omitted); *Finley v. U.S.*, 123 F.3d 1342, 1348 (10th Cir. 1997) ("§ 6672 does not raise a concern regarding the protection of a taxpayer from harsh, additional penalties imposed for purposes of punishment and deterrence . . . ."). The McLain Defendants cite *Mortenson v. National Union Fire Ins. Co. of Pittsburgh, PA.*, 249 F.3d 667 (7th Cir. 2001), in support of their position. However, contrary to the McLain Defendants' position, and consistent with the other circuits, *Mortenson* states "the section 6672(a) penalty is not a *criminal* penalty . . . ." 249 F.3d at 670 (emphasis original).

The McLain Defendants also argue the § 6672 penalty is punitive as applied because the Government stipulated in the criminal case that no tax loss occurred, thus any penalty imposed would not be to recover tax loss. The McLain Defendants mischaracterize the record. The Government did not stipulate to

12

anything. United States District Judge Patrick Schiltz stated he would assume for purposes of sentencing that no tax loss occurred because whether any tax loss occurred was irrelevant to that determination. (Doc. 24-3 at 2).

The Court agrees with Judge Ostby that, under *Hudson*, the United States' claim for a trust fund recovery penalty under § 6672 is not barred by the Double Jeopardy Clause. The McLain Defendants' objection is overruled.

### 2. The United States' claim is not time barred

Judge Ostby concluded the United States' claim is subject to the ten-year limitation contained in the federal collection statute, 26 U.S.C. § 6502(a)(1). The McLain Defendants object, arguing the claim is subject to the four-year limitation contained in the Montana Uniform Fraudulent Transfer Act or, in the alternative, the six-year limitation contained in the Federal Debt Collection Procedure Act (FDCPA). The Court agrees with Judge Ostby.

When the United States asserts a transfer of property by a taxpayer is a fraudulent conveyance, the claim is not limited to the time period set for a state fraudulent conveyance proceeding, but rather, is governed by the ten-year federal collection statute found in 26 U.S.C. § 6502(a)(1). *U.S. v. Bacon*, 82 F.3d 822, 822-825 (9th Cir. 1996); *Bresson v. Commissioner of Internal Revenue*, 213 F.3d 1173, 1179 (9th Cir. 2000). The McLain Defendants argue *Bacon* and *Bresson* "should be revisited" in light of *U.S. v. California*, 507 U.S. 746 (1993), but fail to

articulate how or why. Given *Bresson*'s lengthy discussion of *California* and other Supreme Court precedent, the Court is unpersuaded. *See Bresson*, 213 F.3d at 1175-1179.

The McLain Defendants also argue the six-year limitation contained in the FDCPA governs the United States' claim. However, the FDCPA explicitly excludes the United States' claim from its purview with the following limitation:

> (b) Limitation. – To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.

28 U.S.C. 3001(b). The FDCPA further provides:

> (b) Effect on rights of the United States. – This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law--
>
> > (1) to collect taxes or to collect any other amount collectible in the same manner as a tax;

28 U.S.C. § 3003(b). By its own terms, the FDCPA does not apply to Government actions to collect taxes. *See U.S. v. Letscher*, 83 F.Supp.2d 367, 378 (S.D.N.Y. 1999) and *U.S. v. Bantau*, 907 F.Supp. 988, 990 (N.D. Texas 1995) (both finding the FDCPA's six-year limitation inapplicable to a government action for the collection of taxes).

The Court agrees with Judge Ostby that the United States' claim is subject to the ten-year limitation contained in the federal collection statute, 26 U.S.C. § 6502(a)(1). The McLain Defendants' objection is overruled.

### 3. Dismissal of the United States' alternate claim to foreclose on Frank's interest should the McLain Plaintiffs prevail is premature

Judge Ostby concluded numerous issues need to be resolved before the Court can determine whether dismissal of the United States' alternate claim is proper. Judge Ostby recommended the Court deny the motion to dismiss the United States' alternate claim with leave to renew. The McLain Defendants object, arguing that, should the McLain Plaintiffs prevail, Frank would have only an expectancy interest in the E-3 Ranch, which is not a cognizable property interest under Montana law. The Court agrees with Judge Ostby.

The United States holds a lien on all property and rights to property belonging to a person liable for unpaid taxes if the person neglects or refuses to pay the unpaid taxes upon demand by the United States. 26 U.S.C. § 6321. Whether a state-law right constitutes 'property' or 'rights to property' is a matter of federal law. *Drye v. U.S.*, 528 U.S. 49, 58 (1999). "The Court looks initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-

delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." *Drye*, 528 U.S. at 58.

Here, the Court cannot undertake a *Drye* analysis because numerous issues need to be resolved before Frank's interest can be determined under Montana law, such as: (1) whether Bernard's estate or the E-3 Ranch Trust owns the E-3 Ranch and (2) whether Caroline obtained ownership of the E-3 Ranch via adverse possession. The McLain Defendants argue no *Drye* analysis is necessary because even if the McLain Plaintiffs prevail, Frank has at most an expectancy interest, which is not recognized as a property interest under Montana law. The McLain Defendants are incorrect for two reasons. First, it is unclear at this point whether, should the McLain Plaintiffs prevail, Frank would only have an expectancy interest in the E-3 Ranch. Second, even if that were true, a *Drye* analysis is still necessary. State law determines what rights a person has in property, but federal law determines whether that right qualifies as a "right" or "right to property" under the federal tax statutes. *Drye*, 528 U.S. at 58. Thus, even if Frank had only an expectancy interest in the E-3 Ranch, federal law determines whether his expectancy interest constitutes a "right to property" for federal tax lien purposes.

The Court agrees with Judge Ostby that numerous issues need to be resolved before the Court can determine whether dismissal of the United States' alternate claim is proper. The McLain Defendants' objection is overruled.

## IV. Conclusion

IT IS ORDERED that the proposed Findings and Recommendation entered by Judge Ostby (Doc. 67) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that the McLain Defendants' Motion for Summary Judgment on Adverse Possession (Doc. 23) is DENIED.

IT IS FURTHER ORDERED that the McLain Plaintiffs' Cross-Motion for Summary Judgment on Adverse Possession (Doc. 30) is DENIED.

IT IS FURTHER ORDERED that the McLain Defendants' Motion to Dismiss the United States' Intervenor Complaint (Doc. 23) is DENIED, with leave to renew with regard to the United States' alternate claim on Frank's beneficial interest.

IT IS FURTHER ORDERED that the McLain Defendants' objections to the proposed Findings and Recommendation are OVERRULED.

Dated this 22nd day of February, 2017.

Susan P. Watters
United States District Court Judge