IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,

Plaintiffs,

vs.

FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,

Defendants.

THE UNITED STATES OF AMERICA,

Intervenor Defendant and Counter/Cross-Claimant,

CV 16-36-BLG-SPW-TJC

**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

vs.

FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN; and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

    Counterclaim Defendants and

FRANCIS MCLAIN, individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

    Crossclaim Defendants and

AMERICAN BANK OF MONTANA and BRAD D. HALL

    Additional Defendants on United States' claims.

2

The United States has filed an intervenor claim to foreclose federal tax liens against Defendant Francis ("Frank") McLain's interest in a ranch located in the Paradise Valley, known as the E-3 Ranch.  (Doc. 20.)  Currently, the E-3 Ranch is also the subject of an ownership dispute between two factions of the McLain family.[1]  In response, Frank has filed a Counterclaim against the United States seeking a tax refund.  (Doc. 79.)

Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B).  (Doc. 80.)  Presently before the Court is the United States' Motion to Dismiss the Counterclaim.  (Doc. 94.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 94, 109, 115.)

Having considered the parties' submissions, the Court **RECOMMENDS** the United States' Motion to Dismiss be **GRANTED**, as set forth below.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court has previously described the factual background and relationship of the parties in this case at length in the October 24, 2016 Findings and Recommendations (Doc. 67) and March 14, 2017 Opinion and Order (Doc. 78).

## I. BACKGROUND

### A. Factual Background[2]

In November of 2008, Frank was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202, in *United States v. Francis L. McLain*, 08-CR-10-PJS-FLN, U.S. Dist. Court, District of Minnesota. (Doc. 79 at ¶ 11; Doc. 94-3; 94-4.) The nine counts related to Frank's failure to collect, account for, and pay over the employment taxes of Kirpal Nurses, LLC. (Doc. 94-3.) The nine counts corresponded to nine quarters spanning from December 31, 2002 through December 31, 2004. (*Id.*)

Frank's conviction was affirmed by the Eighth Circuit Court of Appeals in two published opinions. *United States v. McLain*, 646 F.3d 599 (8th Cir. 2011); *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013). His request for post-

---

[2] The United States requests the Court take judicial notice of Frank's criminal conviction in *United States v. McLain*, Case No. 08-cr-00010 (D. Minn. 2011), his subsequent appeal in *United States v. McLain*, Nos. 08-3192, 09-1472, 09-3292 and 11-3402 (8th Cir.), and the trial and appellate court's related findings of fact and legal conclusions. (Doc. 94-1 at 5, n.1.) In his response brief, Frank does not object to the Court taking judicial notice of the prior criminal proceedings. (Doc. 109.) Federal Rule of Evidence 201 permits a court to take judicial notice of the judicial record of another court. Fed.R.Evid. 201; *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) ("[The Court] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). Accordingly, the United States' request is granted, and the Court takes judicial notice of Frank's prior criminal conviction and appeal.

conviction relief under 28 U.S.C. § 2255 was also denied. *United States v. McLain*, 2013 WL 5566503 (D. Minn. Oct. 8, 2013).

In May 2014, the United States assessed civil penalties against Frank under 26 U.S.C. § 6672, for willful failure to collect, truthfully account for, and pay over the employment taxes of Kirpal Nurses for the same nine quarters that were at issue in his criminal case. (Doc. 79 at ¶ 39; Doc. 20 at ¶ 12.)

Franks submitted an administrative claim to the IRS for a refund of the amounts he paid towards the § 6672 penalties. (Doc. 79 at ¶ 51.) The IRS denied the administrative claim on September 14, 2016. (*Id.* at ¶ 61.)

The United States now seeks to foreclose on federal tax liens arising from the assessments through a sale of the E-3 Ranch. (Doc. 20.)

B.     **Procedural Background**

Plaintiffs Faith McLain ("Faith"), Christeen McLain ("Christeen"), John McLain ("John"), Mary McLain ("Mary"), Molly McLain ("Molly"), Mira McLain ("Mira"), and Matthew McLain ("Matthew") brought this action for declaratory judgement concerning the ownership of the E-3 Ranch against Defendants Frank McLain ("Frank"), Caroline McLain ("Caroline"), Alakhi Joy McLain ("Alakhi"), Sohnja May McLain ("Sohnja"), and Dane Sehaj McLain ("Dane").

The case was originally filed in the Montana state court on July 8, 2014. (Doc. 1.) On March 11, 2016, the state court granted the United States' motion to

intervene. (Doc. 1-3.) On April 8, 2016, the United States removed, invoking the Court's jurisdiction under 28 U.S.C. § 1441. (Doc. 1.)

Thereafter, Defendants filed a motion to dismiss the United States' Intervenor Complaint.[3] (Doc. 23.) On February 23, 2017, Judge Watters adopted the Findings and Recommendations of Magistrate Judge Ostby and denied Defendants' motion to dismiss the United States' Intervenor Complaint.[4] (Doc. 75.) On March 15, 2017, Defendants answered the Intervenor Complaint, and Frank filed a Counterclaim against the United States. (Doc. 79.)

In the Counterclaim, Frank asserts a claim for tax refund under 26 U.S.C. § 7244 relating to the § 6672 assessments levied against him.[5] (Doc. 79.)

---

[3] Plaintiffs and Defendants also filed cross-motions for summary judgment regarding adverse possession (Docs. 23, 30), and Plaintiffs filed a motion for summary judgment regarding the validity of the E-3 Ranch Trust. (Doc. 36.)

[4] On February 23, 2017, Judge Watters also adopted the Findings and Recommendations of Magistrate Judge Ostby denying the parties' cross-motions for summary judgment regarding adverse possession (Doc. 75), and on March 14, 2017, granted Plaintiff's motion for summary judgment regarding the validity of the E-3 Trust. (Doc. 78.)

[5] Frank alleges he has paid $2,215.65 towards the § 6672 assessments. (Doc. 79 at ¶¶ 41, 54.) $1,765.65 was levied from his income tax refunds and social security checks, and Frank paid a nominal $50 payment for each of the nine quarters at issue. (*Id.*) The Government alleges that as of January 15, 2016, the unpaid balance Frank owes the IRS is approximately $492,451.38. (Doc. 20 at ¶12.) Generally, the entire amount of the tax assessment must be made as a prerequisite to bringing a refund claim in federal court. *Flora v. United States*, 362 U.S. 145 (1960); *Boynton v. United States*, 566 F.2d 50 (9th Cir.1977) ("It has long been established that partial payment of assessed taxes or a proposed deficiency is

On June 16, 2016, the United States filed the instant Motion to Dismiss the Counterclaim. (Doc. 94.)

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

insufficient to support jurisdiction on the District Court of a refund suit."). There is an exception, however, for divisible tax assessments, such as those imposed under § 6672. *Boynton*, 566 F.2d at 52. "A taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action." *Id.* Here, Frank alleges generally that he has paid $2,215.65 towards the § 6672 assessment. (Doc. 79 at ¶¶ 41, 54.) However, he does not tie the payment to any individual employee's withholding. Frank's failure to plead necessary facts to show the amount he allegedly paid the IRS represents withholding taxes of any one employee casts doubt on the Court's jurisdiction over the Counterclaim. Even assuming the pleading defect does not deprive the Court of jurisdiction, the Court nevertheless finds Frank fails to state a claim upon which relief can be granted.

plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions… amount[ing] to nothing more than a 'formulaic recitation of the elements'…for the purposes of ruling on a motion to dismiss are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). There is an exception to this rule, however, where a court takes judicial notice of matters of public record. *Id.* at 688-89. Taking

8

judicial notice does not convert a motion to dismiss into one for summary judgment. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

## III. DISCUSSION

The United States moves to dismiss Frank's Counterclaim on grounds that it is barred by collateral estoppel and does not state any plausible claim for relief. The United States contends Frank's arguments in support of his refund claim were either raised and adjudicated in his criminal case, or do not provide any basis to support a claim for a refund.

Frank principally alleges he is entitled to a tax refund on grounds that the § 6672 penalties were not legally assessed because the workers of Kirpal Nurses were treated as independent contractors. Frank raises a myriad of other arguments including: that he was not a responsible person who owed employment taxes; a § 6672 assessment was not imposed on him prior to his indictment in the criminal case; he did not act willfully because he relied on the advice of counsel; and the § 6672 penalty unconstitutionally violates his freedom to contract. Frank further contends that because he never created a trust fund to collect or account for employment taxes in the first place, a trust fund penalty cannot be assessed against him under § 6672.

9

The Internal Revenue Code requires employers to withhold Federal Insurance Contributions Act ("FICA") and federal income taxes from their employees' wages, and pay the amounts over to the IRS. *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994); 26 U.S.C. §§ 3102 (requires employers to withhold FICA taxes); § 3402 (requires employers to withhold income taxes); § 6302 (requires employers to deposit the withheld taxes either monthly or semi-weekly). The withheld taxes are often referred to as "trust fund taxes." *Slodov v. United States*, 436 U.S. 238, 243 (1978).

The IRS has several means at its disposal to ensure that federal employment taxes are paid, including holding the officers or employees of an employer personally responsible for willfully failing to effectuate the collection and payment of trust fund taxes. *Slodov*, 436 U.S. at 243-245. Criminal liability may be imposed under 27 U.S.C. § 7202, and civil penalties[6] may be may be assessed under 26 U.S.C. § 6672. *Id.* at 245. Section 7202 provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned more than 5 years, or both, together with the costs of prosecution.

---

[6] "Although denominated a "penalty" in the statute, the liability imposed under section 6672 is not penal in nature, but rather is a means of ensuring that withholding taxes are paid." *United States v. Pepperman*, 976 F.2d 123, 126 (3d Cir. 1992).

26 U.S.C. § 7202.

Under § 6672, "the IRS may assess a 100% penalty on responsible persons who willfully fail to collect, account for, and pay over the taxes to the United States." *Jones*, 33 F.3d at 1139; *Slodov*, 436 U.S. at 245. Section 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). A "person" includes "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671.

When the IRS has assessed a civil penalty under § 6672, the taxpayer is permitted to challenge the assessment by bringing suit for a tax refund under 26 U.S.C. § 7244. *Sananikone v. United States*, 623 Fed.Appx. 324, 325 (9th Cir. 2015). To establish entitlement to a refund, the taxpayer must show, by a preponderance of the evidence, that "he either (1) is not a 'responsible person' within the meaning of § 6672; or (2) did not act 'willfully' in failing to collect or pay over the withheld taxes." *Id.* (citing *Jones*, 33 F.3d at 1139). "The taxpayer has the burden of proof in such actions." *Id.*

11

The Court finds Frank's refund claim fails as a matter of law because he is collaterally estopped from claiming he is not a "responsible person," and that he did not act "willfully." These issues have already been determined in his criminal case.

"It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding . . . In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951). In order for collateral estoppel to apply: (1) the issue must be identical to the one alleged in prior litigation; (2) the issue must have been 'actually litigated' in the prior litigation; and (3) the determination of the issue in the prior litigation must have been 'critical and necessary' to the judgment." *Beauchamp v. Anaheim Union High School Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016).

Here, the issues of whether Frank was a "responsible person," and whether he acted "willfully" in failing to collect or pay over withheld taxes, are identical to the issues decided in his criminal case. His criminal conviction under § 7202 and civil liability under § 6672 are based on the exact same conduct, for the exact same time periods. As the United States Supreme Court has noted, § 6672 tracks the wording of § 7202. *See Slodov*, 436 U.S. at 245. Both § 7202 and § 6672 require

a finding that Frank was a person "required to collect, account for, and pay over" the employment taxes of Kirpal Nurses. *Compare* 26 U.S.C. §§ 7202 and § 6672. Both statutes also require a finding that Frank "willfully fail[ed] to collect such tax or truthfully account for and pay over such tax." *Id.*

In Frank's criminal case, the issues of responsibility and willfulness were determined by a jury beyond a reasonable doubt, and his conviction was upheld on appeal and collateral attack. *See United States v. McLain ("McLain I")*, 597 F.Supp.2d 987 (D. Minn. 2009); *United States v. McLain ("McLain II")*, 646 F.3d 599 (8th Cir. 2011); *United States v. McLain ("McLain III")*, 709 F.3d 1198 (8th Cir. 2013); *United States v. McLain ("McLain IV")*, 2013 WL 5566503 (D. Minn. Oct. 8, 2013).

The arguments Frank asserts regarding these issues were also considered and resolved by the District Court and the Eighth Circuit. For example, Frank's argument that he was not the employer, and therefore cannot be liable for failing to account for and pay over employment taxes was considered and rejected. *McLain I*, 597 F.Supp.2d at 989-990 (finding McLain could be a person required to "collect, account for and pay over" taxes even though he did not personally employ any of the staff of Kirpal Nurses) *affirmed McLain II*, 646 F.3d at 603. Likewise, Frank's contention that he did not act willfully because the nurses were independent contractors and not employees was considered and rejected. *United*

*States v. McLain*, Case No. 08-CR-10-PJS-FLN, Docket No. 234 (D. Minn. July 20, 2009) (finding "by a preponderance of the evidence, that the nurses who worked for Kirpal were employees of Kirpal rather than independent contractors") *affirmed McLain II*, 646 F.3d at 600.

Frank's ancillary arguments were also rejected. *See e.g. McLain II*, 646 F.3d at 602 (rejecting Frank's argument that the Government was required to prove a tax deficiency in the criminal case); *McLain IV*, 2013 WL 5566503 at *1, *3 (rejecting Frank's argument that the government's refusal to accept his treatment of the nurses as independent contractors violates the Contract Cause, and finding the jury was thoroughly instructed on willfulness, including that it could consider Frank's reliance on the advice of counsel).

Therefore, the Court finds the two issues Frank must plead and prove to establish entitlement to a tax refund were already litigated between the parties and decided against Frank. Thus, his claim is barred by collateral estoppel.

In addition, the Court does not find any of Frank's other allegations are sufficient to state a claim. Frank contends that he cannot be penalized under § 6672 because he never created a trust fund to collect or account for employment taxes in the first place. Frank's argument, although creative, is contradicted by a plain reading of the statute, which specifically imposes liability on any person "who willfully *fails to collect* such tax, or truthfully account for and pay over such

tax. § 6672(a) (emphasis added).  There is no requirement under § 6672, that a trust fund be created as a prerequisite to liability, and Frank has not cited any authority in support of such a requirement.[7]  Frank's interpretation of § 6672, therefore, does not give rise to a plausible claim for relief.  Frank's other allegations, airing grievances about his conviction, and complaining about his interactions and correspondence with IRS employees are irrelevant, and insufficient to support his claim for a tax refund.

Accordingly, the Court finds Frank's claim for a tax refund fails as a matter of law, and the United States Motion to Dismiss should be granted.

The Court further finds that any amendment to Frank's Counterclaim would be futile because the essential elements of his tax refund claim are barred by collateral estoppel.  "Proposed amendments are futile if the claims would be barred by res judicata, collateral estoppel, or statutory preclusion. *See Russell v. United States Dept. of the Army,* 191 F.3d 1016, 1019–20 (9th Cir.1999) (statutory preclusion); *Onkvisit v. Board of Trustees of California State University,* 2011 WL

---

[7] In *Slodov*, the United States Supreme Court explained that FICA taxes and the withholding tax on wages applicable to individual income taxes are "commonly referred to as 'trust fund taxes,' reflecting the Code's provision that such withholdings or collections are deemed to be a 'special fund in trust for the United States.'"  *Slodov*, 436 U.S. at 243.  However, the Court explained that "[t]here is no general requirement that the withheld sums be segregated from the employer's general funds," or "be deposited in a separate bank account until required to be paid to the Treasury."  *Id.*

2194018, *2 (N.D.Cal.2011) (res judicata); and *Rainwater v. Banales,* 2008 WL 5233138, *9 n. 6 (C.D.Cal.2008) (collateral estoppel). A denial based on futility is appropriate if the pleading "would not be saved by any amendment." *Carvalho v. Equifax Information Services, LLC,* 629 F.3d 876, 893 (9th Cir.2010) (citation and quotation omitted)."

## IV. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the United States Motion to Dismiss the Counterclaim (Doc. 94) be **GRANTED** with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 17th day of January, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge