IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,<br><br>Defendants.<br><br>THE UNITED STATES OF AMERICA,<br><br>Intervenor Defendant and Counter/Cross Claimant, | Civil No. 1:16-cv-00036-SPW<br><br>FILED<br>MAR 0 6 2018<br>Clerk, U S District Court<br>District Of Montana<br>Billings<br><br>ORDER |

1

v.

FAITH MCLAIN, CHRISTEEN MCLAIN,
JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN; and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

      Counterclaim Defendants,

      and

FRANCIS MCLAIN, Individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, Individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

      Crossclaim Defendants,

      and

AMERICAN BANK OF MONTANA,

      Additional Defendant on United States' Claims

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed January 17, 2018. (Doc. 121). Judge Cavan recommends this Court grant the United States' motion to dismiss (Doc. 79) Francis ("Frank") McLain's counterclaim seeking a tax refund.

Frank filed timely objections to the findings and recommendations. (Doc. 126 and 128). Frank is entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which Frank properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court has carefully reviewed Frank's multiple objections but declines to address them because they do not relate to the dispositive issue before the Court. At best, Frank's objections can be characterized as arguments for the dismissal of the United States' claim against him. But the objections contain no argument for denying the United States' motion to dismiss Frank's counterclaim.

In 2008, Frank was convicted on nine counts of failing to collect employment taxes in violation of 27 U.S.C. § 7202. (Doc. 121 at 4). In 2014, the United States assessed a civil penalty against Frank under 26 U.S.C. § 6672 for the same taxes at issue in the 2008 criminal case. (Doc. 121 at 5). Frank's counterclaim seeks a refund for the civil penalty imposed under § 6672. (Doc. 79 at 17-39).

The Internal Revenue Code requires employers to withhold federal income taxes from their employees' wages and pay the taxes over to the Internal Revenue Service. *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994). To enforce collection and payment of federal employment taxes, Congress imposed both civil and criminal liability on persons responsible for the collection and payment of such taxes. § 7202, the criminal liability statute, provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 6672(a), the civil liability statute, provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Taxpayers are permitted to challenge a civil penalty imposed under § 6672(a) by filing a claim for a tax refund. To establish entitlement to a refund, the taxpayer must show, by a preponderance of the evidence, that he either (1) is not a responsible person within the meaning of § 6672; or (2) did not act willfully in failing to collect or pay over the withheld taxes. *Sananikone v. United States*, 623

4

Fed.Appx. 324, 325 (9th Cir. 2015) (citing *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994)).

Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties. *Beauchamp v. Anaheim Union High School Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016). Issue preclusion applies when: (1) the issue is identical to one alleged in prior litigation; (2) the issue was "actually litigated" in the prior litigation; (3) and the determination of the issue in the prior litigation was "critical and necessary" to the judgment. *Beauchamp*, 816 F.3d at 1225.

Here, issue preclusion bars relitigating the two elements necessary for Frank to establish a claim for relief. In order to convict Frank under § 7202, it was critical and necessary for the jury to determine beyond a reasonable doubt both whether Frank was a person responsible for the collection of employment taxes and whether Frank willfully failed to do so. Because Frank cannot establish the elements necessary to prove his claim, his counterclaim fails to state a claim for which relief can be granted. The United States' motion to dismiss Frank's counterclaim is granted.

Accordingly, it is hereby ordered:

1. Judge Cavan's findings and recommendations (Doc. 121) are adopted in full;

2. Frank's objections are overruled;

3. The United States' motion to dismiss (Doc. 79) is granted; and

3. Frank's counterclaim (Doc. 94) is dismissed with prejudice

Dated this 6th day of March, 2018.

Susan P. Watters
United States District Court Judge