IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 1 2 2018

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,<br><br>Defendants. | Civil No. 1:16-cv-00036-SPW<br><br>ORDER |
| THE UNITED STATES OF AMERICA,<br><br>Intervenor Defendant and Counter/Cross Claimant, | |

1

v.

FAITH MCLAIN, CHRISTEEN MCLAIN,
JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN;
and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

        Counterclaim Defendants,

        and

FRANCIS MCLAIN, Individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, Individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

        Crossclaim Defendants,

        and

AMERICAN BANK OF MONTANA,

        Additional Defendant on United States' Claims

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed January 17, 2018. (Doc. 122). Judge Cavan recommends this Court deny the McClain Defendants' motion for summary judgment (Doc. 82) to quiet title in half the interest in the E-3 Ranch, deny the McClain Plaintiffs' cross motion for summary judgment (Doc. 96) on the same issue, and stay the action pending appointment of a personal representative for the estate of Bernard McClain.

## I. Standard of review

The McClain Defendants filed timely objections to the findings and recommendations. (Doc. 124). The McClain Defendants are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Background

The McClain Defendants object to what they perceive as Judge Cavan's characterization of the facts. The McClain Defendants' objections to Judge Cavan's background section do not affect the outcome. Judge Cavan's background section is adopted in full.

## III. Discussion

The McClain Defendants make four objections. First, they argue the McLain Plaintiffs are barred from litigating what the agreement was between

3

Frank McClain and Brad Hall because, in their view, the McClain Plaintiffs are uninterested parties to the agreement. Second, they argue even if the McClain Plaintiffs are not barred from litigating what the agreement was, the undisputed facts show the agreement was that Frank and Brad would each take a one-half interest in the E-3 Ranch. Third, they argue the McClain Plaintiffs are barred from defending the quiet title claim because they did not possess or have an interest in the property within the previous five years. Fourth, they argue the case should not be stayed because the estate of Bernard is not a necessary party.

### A. The McClain Plaintiffs are not barred from litigating what the agreement was between Frank and Brad

The McClain Defendants argue the McClain Plaintiffs may not seek a determination of the agreement between Frank and Brad because the McClain Plaintiffs are strangers to the agreement. The Court disagrees.

The McClain Defendants are correct that, generally, strangers to a contract do not have standing to sue for a breach of the contract. *Palmer v. Bahm*, 128 P.3d 1031, 1034 (Mont. 2006). However, the McClain Defendants are incorrect that *Palmer* bars the parties litigating what the agreement was between Frank and Brad.

The McClain Plaintiffs are arguably interested parties to the agreement, not strangers, because Frank conveyed to Bernard via quitclaim deed "all interest, equity, and claim" Frank had in the E-3 Ranch. (Doc. 5-1 at 37). The transfer of property is an executed contract subject to all rules concerning contracts. Mont.

4

Code Ann. § 70-1-502. Similar to an assignee and assignor relationship under contract principles, a grantee stands in the shoes of the grantor. *Watts v. HSBC Bank U.S. Trustee*, 308 P.3d 57, 61 (Mont. 2013); *Carter v. Heitzman*, 198 A.D.2d 649, 649-650 (N.Y. App. Div. 1993). Bernard, and arguably his devisees, are the grantees of Frank's interest in the E-3 Ranch, and stand in Frank's shoes.

Furthermore, determinations of prior conveyances are fairly common in quiet title actions because a quitclaim deed transfers only such title and interest as the grantor had when he delivered the title. *Turner v. Wells Fargo Bank, N.A.*, 291 P.3d 1082, 1090 (Mont. 2012). The McClain Plaintiffs, as Bernard's devisees, have a colorable claim to Bernard's interest in the E-3 Ranch, which in turn depends on what Frank's interest was in the E-3 Ranch. Frank's interest in the E-3 Ranch depends on what the agreement was between him and Brad. The McClain Plaintiffs therefore do not seek to enforce the agreement between Frank and Brad, but rather seek to determine what the agreement was because the terms of the agreement are material to the determination of this outcome. *See Somont Oil Co., Inc. v. Nutter*, 743 P.2d 1016, 1021-1022 (Mont. 1987) (determining plaintiff's interest in parcel of land by analyzing prior conveyances of the land made by other persons); *Carter*, 198 A.D.2d at 649-650 (in quiet title action, determining interests of plaintiff and defendant by analyzing prior conveyances of the land made by

other persons). The McClain Plaintiffs are not barred from seeking a determination of what the agreement was between Frank and Brad.

### B. Whether Frank and Brad agreed to each take a one-half interest in the E-3 Ranch is a disputed fact

The McClain Defendants argue the undisputed facts establish Frank and Brad agreed to each take a one-half interest in the E-3 Ranch. The Court disagrees.

In his findings and recommendations, Judge Cavan succinctly laid out the disputed facts on this issue. (Doc. 122 at 20-22). Among them is the sworn affidavit of Frank filed in a different action that stated Brad had no interest in the E-3 Ranch other than 10 acres. (Doc. 122 at 21). The McClain Defendants state "Frank's representation that Hall had no interest other than 10 acres [is] the only instance in the record where Hall and Frank were in disagreement about Hall's interest in the property." (Doc. 124 at 12). Judge Cavan's findings and recommendations include several other pieces of evidence that indicate the agreement between Frank and Brad was not that they would each take a one-half interest, but, regardless, the McClain Defendants admit that at one point Frank swore under oath that Hall's interest in the property was limited to 10 acres. That alone establishes a disputed fact precluding summary judgment.

### C. The McClain Plaintiffs are not barred from defending the quiet title action because disputed facts show they may have had a possessory interest in the property within the previous five years

The McClain Defendants argue the McClain Plaintiffs are barred from defending the quiet title action because they had no possessory interest in the property within five years of the action commencing. To support this contention, the McClain Defendants argue that equitable principles or operations of law may prevent Bernard's interest in the property from automatically vesting in his devisees. The Court agrees with the McClain Defendants in part, but finds summary judgment is still precluded.

Montana Code Annotated § 70-19-402 requires one who wishes to quiet title to real property, or defend such action, to have seized or possessed the property within five years of the cause action. *Peterson v. Hopkins*, 684 P.2d 1061, 1065 (Mont. 1984). Judge Cavan held the McClain Plaintiffs had a possessory interest in the property because they are Bernard's devisees, upon whom title vested immediately upon Bernard's death. (Doc. 122 at 24) (citing *Shephard v. Widhalm*, 290 P.3d 712, 716 (Mont. 2012)). The McClain Defendants argue equitable principles or operations of law may establish Bernard had no interest in the E-3 Ranch upon his death and ask for the opportunity to file motions on the issue.

The Court agrees with Judge Cavan that Bernard's interest in the E-3 Ranch, whatever it may have been, vested immediately in his devisees upon his death. However, the Court also agrees with the McClain Defendants that equitable principles may establish Bernard had no interest in the E-3 Ranch upon his death,

7

in which case the McClain Plaintiffs may not have any possessory interest in the E-3 Ranch. Summary judgment on this issue is precluded because whether equitable principles may establish Bernard had no interest in the E-3 Ranch upon his death is a question of law that rests on issues of fact not before the Court. The parties shall be allowed the opportunity to file motions on the issue.

The McClain Defendants argue that even if the McClain Plaintiffs' possessory interest in the E-3 Ranch is contested with regard to Bernard's interest, they seek only to quiet title on the interest Brad conveyed to Frank and Caroline, for which the McClain Plaintiffs have no interest. The McClain Defendants are technically correct that the McClain Plaintiffs have no interest in the portion Brad conveyed to Frank and Caroline. However, Brad's portion remains a contested issue. The Court cannot quiet title on the interest Brad conveyed to Frank and Caroline until it is determined what Brad's interest in the E-3 Ranch was, which, as stated above, rests on disputed facts.

The Court grants the McClain Defendants' objection in part. The portion of Judge Cavan's findings and recommendations concluding a possessory interest in the E-3 Ranch automatically vested in Bernard's devisees is overruled. The motion for summary judgment is otherwise denied.

**D.   The stay**

Judge Cavan recommended staying the case until a personal representative for Bernard's estate can be appointed and joined in this matter. The McClain Defendants argue the case should not be stayed because Bernard's estate may ultimately not have an interest in the E-3 Ranch and staying the case will cause unnecessary delay.

The Court agrees with Judge Cavan that a personal representative for Bernard's estate may be helpful going forward. However, the Court also agrees with the McClain Defendants that Bernard's estate may not have an interest in the E-3 Ranch. The Court rejects the stay, but may revisit the issue if it becomes apparent the estate's input is required.

## IV. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendations (Doc. 122) are adopted in full except for:

> A. The recommendation that Bernard's interest in the E-3 Ranch automatically vested in his devisees upon his death, which is rejected; and
>
> B. The recommendation that the Court stay the case, which is rejected.

2. The McLain Defendant's motion for summary judgment (Doc. 82) and the McLain Defendant's cross motion for summary judgment (Doc. 96) are denied.

Dated this 12th day of March, 2018.

Susan P. Watters
United States District Court Judge