IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,<br><br>            Plaintiffs,<br><br>vs.<br><br>FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,<br><br>            Defendants.<br><br>THE UNITED STATES OF AMERICA,<br><br>            Intervenor Defendant and Counter/Cross-Claimant, | CV 16-36-BLG-SPW-TJC<br><br>**ORDER DENYING FRANCIS MCLAIN'S MOTION TO SEVER COUNTERCLAIM** |

vs.

FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN; and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

            Counterclaim Defendants and

FRANCIS MCLAIN, individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

            Crossclaim Defendants and

AMERICAN BANK OF MONTANA and BRAD D. HALL

            Additional Defendants on United States' claims.

The United States has filed an intervenor claim to foreclose federal tax liens against Defendant Francis ("Frank") McLain's interest in a ranch located in the Paradise Valley, known as the E-3 Ranch. (Doc. 20.) The E-3 Ranch is also the subject of an ownership dispute between two factions of the McLain family.[1] In response, Frank filed a Counterclaim against the United States seeking a tax refund. (Doc. 79.) The United States moved to dismiss the counterclaim; and on March 6, 2018, United States District Judge Susan P. Watters adopted this Court's Findings and Recommendations and dismissed Frank's counterclaim with prejudice. (Doc. 131.)

Judge Watters has referred this case to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 80.) Presently before the Court is Frank's Motion to Sever the Counterclaim. (Doc. 133.) The motion is fully briefed and ripe for the Court's review. (Docs.135, 139.)

Having considered the parties' submissions, the Court finds Frank's Motion to Sever Counterclaim should be **DENIED**, as set forth below.

/ / /

/ / /

---

[1] The Court has previously described the factual background and relationship of the parties in this case at length in the October 24, 2016 Findings and Recommendations (Doc. 67) and March 14, 2017 Opinion and Order (Doc. 78).

## I. BACKGROUND

In November of 2008, Frank was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202, in *United States v. Francis L. McLain*, 08-CR-10-PJS-FLN, U.S. Dist. Court, District of Minnesota. (Doc. 79 at ¶ 11; Doc. 94-3; 94-4.) In May 2014, the United States assessed civil penalties against Frank under 26 U.S.C. § 6672, for willful failure to collect, truthfully account for, and pay over the taxes that were at issue in his criminal case. (Doc. 79 at ¶ 39; Doc. 20 at ¶ 12.)

In July 2014, Faith McLain, Christeen McLain, John McLain, Mary McLain, Molly McLain, Mira McLain, and Matthew McLain (the "McLain Plaintiffs") brought an action for declaratory judgement concerning the ownership of the E-3 Ranch against Frank, Caroline McLain, Alakhi Joy McLain, Sohnja May McLain, and Dane Sehaj McLain (the "McLain Defendants"). The case was originally filed in the Montana state court. (Doc. 1.) On March 11, 2016, the state court granted the United States' motion to intervene. (Doc. 1-3.) The United States seeks to foreclose federal tax liens arising from the civil tax penalties assessed against Frank through a sale of the E-3 Ranch. (Doc. 20.)

On April 8, 2016, the United States removed, invoking the Court's jurisdiction under 28 U.S.C. § 1441. (Doc. 1.) On March 15, 2017, the McLain Defendants answered the Intervenor Complaint, and Frank filed a counterclaim

4

against the United States. (Doc. 79.) In the counterclaim, Frank asserted a claim for tax refund under 26 U.S.C. § 7244 relating to the § 6672 assessments levied against him. (Doc. 79.)

On March 6, 2018, Frank's counterclaim was dismissed with prejudice. (Doc. 131.) Frank now moves to sever the counterclaim so that he may appeal the Court's order dismissing the counterclaim to the Ninth Circuit. (Doc. 133.) The United States opposes, arguing the counterclaim is not discrete and separate from the United States' claim to foreclose on the E-3 Ranch, and thus severance is not appropriate.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms . . . sever any claim against a party." Fed.R.Civ.P. 21. The district court has broad discretion regarding severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Courts may sever claims that are "discrete and separate," but Courts should not "attempt to separate an essentially unitary problem." *Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796, *1 (S.D. Cal. Mar. 26, 2012). In determining whether to sever a claim, courts consider the following factors:

(1) whether the claims arise out of the same transaction or occurrence;

(2) whether the claims present some common questions of law or fact;

5

(3) whether settlement of the claims or judicial economy would be facilitated;

(4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for the separate claim.

*Id.* (citing *SEC v. Leslie*, 2010 WL 2991038 (N.D. Cal. July 29, 2010)).

## III. DISCUSSION

The Court finds that severance is not proper in this case. First, both Frank's counterclaim and United States' claims against the E-3 Ranch arise out of the same transaction or occurrence and present common questions of law or fact. Frank's counterclaim seeks to abate the § 6672 assessments that underlie the United States' liens against the real property. Thus, the counterclaim is intertwined with the United States' claims in this action.

Second, severance would not facilitate judicial economy. In fact, severance would also result in parallel proceedings in two different forums, thus hampering judicial economy.

Third, Frank has not shown that he would be prejudiced by filing an appeal after the entry of final judgment in this case, or by attempting an interlocutory appeal. Neither Frank's preference to appeal the dismissal order now, nor his

opinion regarding his chances for interlocutory appeal, suffice to show severance is warranted. "It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 (3d ed. 2018).

Finally, if the counterclaim were severed, Frank, and perhaps also his family members, would potentially be required to be witnesses in the parallel proceedings. Thus, severance would result in added effort and expense to the parties.

In sum, the Court finds the factors discussed above weigh against severance of Frank's counterclaim.

## IV. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Frank's Motion to Sever Counterclaim (Doc. 133) is **DENIED**.

**IT IS ORDERED**.

DATED this 15th day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge