IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, AS BENEFICIARIES OF THE ESTATE OF BERNARD MCLAIN, AND MARY MCLAIN, INDIVIDUALLY AS BENEFICIARY OF THE ESTATE OF BERNARD MCLAIN AND AS TRUSTEE OF THE E-3 RANCH TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRANCIS MCLAIN, INDIVIDUALLY AND AS CO-MANAGER OF TERA BANI RETREAT MINISTRIES, CAROLINE MCLAIN, INDIVIDUALLY AND AS MANAGING DIRECTOR OF TERA BANI RETREAT MINISTRIES, ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, AS PURPORTED CERTIFICATE HOLDERS OF THE E-3 RANCH TRUST,<br><br>    Defendants.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Intervenor Defendant and Counter/Cross-Claimant, | CV 16-36-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

vs.

FAITH MCLAIN, CHRISTEEN MCLAIN, JOHN MCLAIN, MOLLY MCLAIN, MIRA MCLAIN, AND MATTHEW MCLAIN, as Beneficiaries of THE ESTATE OF BERNARD MCLAIN; and MARY MCLAIN, as Beneficiary of the ESTATE OF BERNARD MCLAIN, and as Trustee of the E-3 RANCH TRUST,

        Counterclaim Defendants and

FRANCIS MCLAIN, individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,

        Crossclaim Defendants and

AMERICAN BANK OF MONTANA and BRAD D. HALL

        Additional Defendants on United States' claims.

The United States has filed an intervenor claim to foreclose federal tax liens against Defendant Francis ("Frank") McLain's interest in a ranch located in the Paradise Valley, known as the E-3 Ranch. (Doc. 20.) Currently, the E-3 Ranch is also the subject of an ownership dispute between two factions of the McLain family.[1]

Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 80.) Presently before the Court is Frank's "Motion for this Court to Acknowledge that the Underlying 'Indictments' are Fatally Flawed and Violate the Fifth Amendment." (Doc. 213). The motion is fully briefed and ripe for the Court's review. (Docs. 217, 219.)

Having considered the parties' submissions, the Court **RECOMMENDS** Frank's motion (Doc. 213) be **DENIED**.

I. PROCEDURAL BACKGROUND[2]

In November of 2008, Frank was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202, in

---

[1] The facts of this case are well-known to the Court and the parties, and will not be repeated at length here.

[2] Federal Rule of Evidence 201 permits a court to take judicial notice of the judicial record of another court. Fed.R.Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[The Court] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). Accordingly, the Court will take judicial notice of Frank's prior criminal convictions and appeals in the District of Minnesota, the Eighth Circuit, and the District of Montana.

3

*United States v. Francis L. McLain*, 08-CR-10-PJS-FLN, U.S. Dist. Court, District of Minnesota.  (Docs. 121 at 4; 131 at 3.)  The nine counts related to Frank's failure to collect, account for, and pay over the employment taxes of Kirpal Nurses, LLC.  (*Id.*)  The nine counts corresponded to nine quarters spanning from December 31, 2002 through December 31, 2004.  (*Id.*)  Frank was sentenced to prison and ordered to pay a $75,000 fine and $900 special assessment.  (Doc. 94-5.)  Thereafter, the United States Attorney's Office for the District of Minnesota filed a Notice of Lien for Fine and/or Restitution with the Park County, Montana Clerk and Recorder in the amount of $75,900.  (Doc. 171-3.)

      Frank's conviction was affirmed by the Eighth Circuit Court of Appeals in two published opinions.  *United States v. McLain*, 646 F.3d 599 (8th Cir. 2011); *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013).  His request for post-conviction relief under 28 U.S.C. § 2255 was also denied.  *United States v. McLain*, 2013 WL 5566503 (D. Minn. Oct. 8, 2013).

      In January 2010, Frank was convicted of Damage to Government Property in violation of 18 U.S.C. § 1361, in *United States v. McLain*, 08-CR-138-BLG-RFC, U.S. District Court, District of Montana.  Frank was ordered to pay restitution to the United States Forest Service in the amount of $25,000 and a special assessment of $25 was imposed.  (*Id.*)  He did not appeal his sentence, and his request for post-conviction relief under 28 U.S.C. § 2255 was denied.  (*Id.* at

Doc. 63, 69.) On January 24, 2010, the United States Attorney's Office for the District of Montana filed a Notice of Lien for Fine and/or Restitution with the Park County, Montana Clerk and Recorder in the amount of $25,025. (Doc. 171-4.)

On May 5, 2014, the IRS assessed civil penalties against Frank under 26 U.S.C. § 6672, for willful failure to collect, truthfully account for, and pay over the employment taxes of Kirpal Nurses for the same nine quarters that were at issue in his criminal case. (Doc. 171-1 .) The IRS subsequently filed a Notice of Federal Tax Lien for Frank's § 6672 assessments in the amount of $469,156.24 with the Park County, Montana Clerk and Recorder. (Doc. 171-5.)

On July 8, 2014, Plaintiffs Faith McLain, Christeen McLain, John McLain, Mary McLain, Molly McLain, Mira McLain, and Matthew McLain (collectively the "McLain Plaintiffs") brought this action in Montana state court for declaratory judgment concerning the ownership of the E-3 Ranch against Defendants Frank McLain, Caroline McLain, Alakhi Joy McLain, Sohnja May McLain, and Dane Sehaj McLain (collectively the "McLain Defendants"). (Doc. 1.)

On March 11, 2016, the state court granted the United States' motion to intervene. (Doc. 1-3.) On April 8, 2016, the United States removed, invoking the Court's jurisdiction under 28 U.S.C. § 1441. (Doc. 1.)

On March 15, 2017, the McLain Defendants answered the Intervenor Complaint, and Frank filed a Counterclaim for tax refund against the United States,

5

challenging the underlying tax assessments. (Doc. 79.) On March 6, 2018, the Court dismissed Frank's counterclaim with prejudice. (Doc. 131.)

On, July 3, 2019 the Court issued an Amended Scheduling Order in this case setting September 30, 2019 as the deadline for the filing of motions. (Doc. 167.) Subsequently, the Court extended the deadline for Frank to file any motion relating to United States to October 19, 2019. (Doc. 182.) Frank never sought, nor was granted, any extension of that deadline.

Thereafter, the United States and Frank timely filed motions for partial summary judgment concerning the United States' claims against Frank. (Docs. 169, 187.) On November 9, 2020, Judge Watters adopted this Court's August 3, 2020 Findings and Recommendations (Doc. 208), and granted partial summary judgment in favor of the United States, finding that the United States has a valid tax lien against all property and rights of property belonging to Frank, and that if Frank is determined to have an ownership interest in the E-3 Ranch through this litigation, the United States' liens attach to that interest and the United States is entitled to foreclose its liens. (Doc. 220.) The Court also denied Frank's motion for partial summary judgment, which sought to invalidate the federal liens stemming from his criminal convictions. (*Id.*)

Now, Frank once again attempts to collaterally attack his underlining convictions in an effort to avoid the United States' valid liens, by arguing the

underlying indictments were defective. (Doc. 213.)

## II. DISCUSSION

First, Frank's motion appears to be intended to buttress his Objections to the Court's Findings and Recommendations that were issued on August 3, 2020.[3] For example, in his Objections, Frank argued the underlying indictments "are defective on their faces for not specifically alleging all the essential elements that make up the crimes charged." (Doc. 215 at 6.) Frank, therefore, requested the Court "acknowledge that the purported 'indictments' are fundamentally flawed and are not indictments at all, and that the criminal judgments in those matters are void." (*Id.*) In the instant motion, Frank expounds upon his argument why he believes that the indictments were fundamentally flawed. (Doc. 213.) Then, just like in his Objections, Frank argues the Court should "acknowledge" the purported flaws and deem the underlying criminal judgments and resulting liens void. (Doc. 213 at 1, 22.) Frank's motion, therefore, should be denied for the reasons set forth in the Court's November 9, 2020 Order adopting the Findings and Recommendations. (Doc. 220.)

Second, to the extent Frank's motion is deemed a stand-alone motion, it is

---

[3] The Court notes that the instant motion and Frank's Objections were filed within three days of each other, further indicating the motion simply provides further argument in support of his Objections. (*See* Doc. 213 (motion filed October 20, 2020); Doc. 216 (Objection Part 1 filed October 21, 2020); and Doc. 217 (Objection Part II filed October 23, 2020).)

7

untimely. Frank's deadline for filing motions concerning the United States' claims was October 18, 2019. (Doc. 182.) The instant motion was not filed until August 20, 2020, approximately 10 months past the deadline. (Doc. 213.) Frank did not request an extension of time, nor has he endeavored to show any compelling reason why this motion attacking his convictions from 2008 and 2010 could not have been timely filed. His motion should therefore be summarily rejected.

Finally, even if the Court were to entertain Frank's motion, it should be denied. Frank again attempts to collaterally attack his underlying convictions, which he unsuccessfully tried to do in his counterclaim and his previous motion for partial summary judgment. (*See* Docs. 188, 201, 208, 220.)

For example, Frank previously challenged the tax assessments through his counterclaim for refund. (Doc. 79.) The Court found Frank failed to establish the elements necessary to prove his claim. (Docs. 121, 131). As a result, his counterclaim was dismissed with prejudice. (*Id.*) In reaching its decision, the Court noted that Frank raised a myriad of arguments that had already been decided against him by the District of Minnesota and the Eighth Circuit, which he echoes in the instant motion, including that he was not a responsible person who owed employment taxes; a § 6672 assessment was not imposed on him prior to his indictment in the criminal case; and he never created a trust fund to collect or

account for employment taxes in the first place, therefore a trust fund penalty could not be assessed against him under § 6672.  (Doc. 121.)

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.)).  A court may depart from the law of the case only if: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.*

None of these conditions are present here.  Frank has not demonstrated the Court's prior decisions rejecting his challenges to the underlying convictions were clearly erroneous.  Nor has he shown there has been an intervening change in the law, the evidence, or other circumstances, or that a manifest injustice would result.  Accordingly, the Frank's latest attempt to collaterally attack his underlying convictions should be denied.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Frank's "Motion for this Court to Acknowledge that the Underlying 'Indictments' are Fatally Flawed and Violate the Fifth Amendment" (Doc. 213) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 13th day of January, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge