UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, et al., | CV 16-36-BLG-SPW |
| Plaintiffs, | ORDER RE MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |
| vs. | |
| FRANCIS MCLAIN, et al., | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Intervenor Defendant and Counter/ Cross-Claimant. | |
| vs. | |
| FAITH MCLAIN, et al., | |
| Counterclaim Defendants and | |
| FRANCIS MCLAIN, et al., | |
| Crossclaim Defendants and | |

1

|                                                      |
| ---------------------------------------------------- |
| AMERICAN BANK OF MONTANA, et al.,<br>    Additional Defendants on United States' claims. |

The United States Magistrate Judge filed Findings and Recommendations on January 13, 2021. (Doc. 224). The Magistrate recommended that Defendant Francis McLain's ("Frank") Motion for this Court to Acknowledge that the Underlying Indictments are Fatally Flawed and Violate the Fifth Amendment be denied. (Doc. 224 at 9). Frank objected to the Findings and Recommendations on January 27, 2021. (Doc. 225). The United States responded to Frank's objections on February 10, 2021. (Doc. 226). For the following reasons, Judge Cavan's Findings and Recommendations are adopted in full.

## I.   Relevant Background

The background of this case has been extensively and repeatedly described in prior orders from this Court. Frank makes one objection to Judge Cavan's description of the charges filed against Frank in his 2008 District of Minnesota conviction.[1] (Doc. 225 at 9). As this objection does not affect the Court's overall

---

[1] Judge Cavan states that "[t]he nine counts related to Frank's failure to collect, account for, and pay over the

2

determination, the description at issue shall be removed from Judge Cavan's factual recitation. The remaining recitation is adopted and repeated here for convenience:

In November 2008, Frank was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202, in *United States v. Francis L. McLain*, 08-CR-10-PJS-FLN, U.S. Dist. Court, District of Minnesota. (Docs. 121 at 4; 131 at 3). The nine counts related to Frank's failure to account for and pay over the employment taxes of Kirpal Nurses, LLC. (*Id.*). The nine counts corresponded to nine quarters spanning from December 31, 2002 through December 31, 2004. (*Id.*). Frank was sentenced to prison and ordered to pay a $75,000 fine and $900 special assessment. (Doc. 94-5). Thereafter, the United States Attorney's Office for the District of Minnesota filed a Notice of Lien for Fine and/or Restitution with the Park County, Montana Clerk and Recorder in the amount of $75,900. (Doc. 171-3).

Frank's conviction was affirmed by the Eighth Circuit Court of Appeals in two published opinions. *United States v. McLain*, 646 F.3d 599 (8th Cir. 2011); *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013). His request for post-conviction relief under 28 U.S.C. § 2255 was also denied. *United States v. McLain*,

---

employment taxes of Kirpal Nurses, LLC." (Doc. 224 at 4). Frank denies that he was ever charged with failure to collect. (Doc. 225 at 9).

3

2013 WL 5566503 (D. Minn. Oct. 8, 2013).

In January 2010, Frank was convicted of Damage to Government Property in violation of 18 U.S.C. § 1361, in *United States v. McLain*, 08-CR-138-BLG-RFC, U.S. District Court, District of Montana. Frank was ordered to pay restitution to the United States Forest Service in the amount of $25,000 and a special assessment of $25 was imposed. (*Id.*). He did not appeal his sentence, and his request for post-conviction relief under 28 U.S.C. § 2255 was denied. (*Id.* at Doc. 63, 69). On January 24, 2010, the United States Attorney's Office for the District of Montana filed a Notice of Lien for Fine and/or Restitution with the Park County, Montana Clerk and Recorder in the amount of $25,025. (Doc. 171-4).

On May 5, 2014, the IRS assessed civil penalties against Frank under 26 U.S.C. § 6672, for willful failure to truthfully account for and pay over the employment taxes of Kirpal Nurses for the same nine quarters that were at issue in his criminal case. (Doc. 171-1). The IRS subsequently filed a Notice of Federal Tax Lien for Frank's § 6672 assessments in the amount of $469,156.24 with the Park County, Montana Clerk and Recorder. (Doc. 171-5).

On July 8, 2014, Plaintiffs Faith McLain, Christeen McLain, John McLain, Mary McLain, Molly McLain, Mira McLain, and Matthew McLain (collectively the "McLain Plaintiffs") brought this action in Montana state court for declaratory

4

judgment concerning the ownership of the E-3 Ranch against Defendants Frank McLain, Caroline McLain, Alakhi Joy McLain, Sohnja May McLain, and Dane Sehaj McLain (collectively the "McLain Defendants"). (Doc. 1).

On March 11, 2016, the state court granted the United States' motion to intervene. (Doc. 1-3). On April 8, 2016, the United States removed, invoking the Court's jurisdiction under 28 U.S.C. § 1441. (Doc. 1).

On March 15, 2017, the McLain Defendants answered the Intervenor Complaint, and Frank filed a Counterclaim for tax refund against the United States, challenging the underlying tax assessments. (Doc. 79). On March 6, 2018, the Court dismissed Frank's counterclaim with prejudice. (Doc. 131).

On July 3, 2019, the Court issued an Amended Scheduling Order in this case setting September 30, 2019 as the deadline for the filing of motions. (Doc. 167). Subsequently, the Court extended the deadline for Frank to file any motion relating to the United States to October 19, 2019. (Doc. 182). Frank never sought, nor was granted, any extension of that deadline.

Thereafter, the United States and Frank timely filed motions for partial summary judgment concerning the United States' claims against Frank. (Docs. 169, 187). On November 9, 2020, the Court adopted Magistrate Judge Cavan's August 3, 2020 Findings and Recommendations (Doc. 208), and granted partial

summary judgment in favor of the United States, finding that the United States has a valid tax lien against all property and rights of property belonging to Frank, and that if Frank is determined to have an ownership interest in the E-3 Ranch through this litigation, the United States' liens attach to that interest and the United States is entitled to foreclose its liens. (Doc. 220). The Court also denied Frank's motion for partial summary judgment, which sought to invalidate the federal liens stemming from his criminal convictions. (*Id.*).

Now, Frank once again attempts to collaterally attack his underlying convictions in an effort to avoid the United States' valid liens, by arguing the underlying indictments were defective. (Doc. 213).

## II. Legal Standard

Parties are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018

WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

### III. Discussion

Judge Cavan found that Frank's motion should be denied for several reasons: (1) the motion appears to express substantially similar arguments Frank made in his objections to a previous Findings and Recommendations and, therefore, should be denied for the reasons previously articulated by this Court when adopting those Findings; (2) Frank's motion was filed ten months after the deadline for motions concerning the United States' claims and is untimely; and (3) the 'law of the case' doctrine precludes this Court from reconsidering a previously resolved issue and Frank failed to satisfy any exception to that rule.

Aside from the factual recitation objection addressed earlier, Frank makes

two additional objections to Judge Cavan's Findings. Frank claims that the 'law of case' doctrine does not preclude a review of his prior convictions because "[t]he Court's Order denying [his] statutory right to a refund suit under 26 U.S.C. § 7422 is clearly erroneous." (Doc. 225 at 9). Frank explains that the cases relied on in the prior order, *Sananikone* and *Jones*, "clearly support [his] argument that the trust fund recovery penalty is based only upon *withheld taxes*, not upon employment taxes." (*Id.* at 10). Thus, Frank contends the Court erred by misinterpreting the law.

Frank also objects to Judge Cavan's finding that no manifest injustice would result from applying the 'law of the case' doctrine. He explains that "since the criminal judgment upon which the [trust fund recovery penalty] assessment was based is void, it is obvious that the manifest injustice that I have already suffered from the unconstitutional taking of my liberty without due process of law will now be exasperated by the manifest injustice of the unconstitutional taking of my property without due process of law." (*Id.* at 10-11).

These arguments do not persuade the Court that it should depart from the 'law of the case' doctrine. As noted by Judge Cavan, Frank has moved previously to set aside his prior convictions and was unsuccessful. Frank's convictions were upheld twice by the Eighth Circuit and Frank presents no compelling argument

8

here for why those decisions should be overturned. However, even if the Court were to entertain Frank's objections, Frank did not object to Judge Cavan's other findings that Frank's motion is untimely. Without objection, the Court must review Judge Cavan's findings for clear error. *See Reyna-Tapia*, 328 F.3d at 1121. The Court sees no clear error in Judge Cavan's findings and Frank's motion is untimely.

## IV. Conclusion

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 224) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Frank's Motion for this Court to Acknowledge that the Underlying Indictments are Fatally Flawed and Violate the Fifth Amendment (Doc. 213) is DENIED.

DATED this 1st day of March, 2021.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge