Francis L. McLain
82 McDonald Creek Road
Livingston, Montana 59047
(406) 224-0528
fmclain.kirpal@gmail.com
      The above-named party is appearing *in propria persona.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, et al., | ) |
| | )   Cause No. 1:16-cv-00036-SPW-TJC |
| Plaintiffs, | ) |
| | ) |
| v. | )   **DEFENDANT FRANK MCLAIN'S** |
| | )   **MOTION FOR CLARIFICATION** |
| FRANCIS MCLAIN, et al, | )   **RE: THE ORDER IN DOC. # 227** |
| | )   **DENYING THE REMEDY** |
| Defendants, | )   **SOUGHT ANENT THE FATALLY** |
| | )   **DEFECTIVE INDICTMENTS** |
| THE UNITED STATES OF AMERICA, | )   **AND TO CHALLENGE THE** |
| | )   **GOVT.'S STANDING AND** |
| Intervenor Defendant. | )   **THE COURT'S JURISDICTION** |
| | )   **TO ENFORCE** |
| | )   **VOID JUDGMENTS** |

**NOW COMES** the undersigned Defendant Francis L. McLain, *in propria persona*, to respectfully request clarifications of the Order made on March 1, 2021 (Doc. # 227) and to challenge the government's standing and this Court's subject matter jurisdiction to enforce void criminal judgments which are predicated upon violations of the 5th and 6th Amendments to the Constitution for the United States of America.

## BACKGROUND

On August 20, 2020 the undersigned filed a Motion noticing this Court (Doc. # 213) that on their faces each of the two underlying criminal indictments in this matter do not contain all the necessary essential elements to charge a crime and are in violation of the 5th and 6th Amendments to the Constitution, and to request this Court to acknowledge that the criminal judgments stemming from each of the fatally flawed indictments are thus, in fact and in law, *void* judgments.

On September 3, 2020 the United States filed Doc. # 217 making its contrary response to Doc. # 213. In its evasive response, the government failed to rebut any of the facts stated in Doc. # 213 and failed to challenge any of the laws relied upon therein as being in error. And the government failed to rebut the merits of the undersigned's claim that both indictments are, in fact, fatally flawed. Instead the government requested this court to make the presumptuous conclusion that the underlying criminal courts must have already ruled upon this essential-elements issue (but without showing where and how such courts had made such a determination, nor where such a determination gave any specific Findings of Fact and Conclusions of Law in regard to such).

On September 17, 2020 in Doc. # 219 the undersigned filed a reply to the United States' Doc. # 217 showing how the government's pleading was actually non-responsive and that by remaining mum on the defective-indictments issue raised, the government

had actually consented to the fact that each of the indictments were fatally flawed and conceded that each of the indictments failed to state an offense.

On January 13, 2021 the Magistrate filed its Findings and Recommendations (Doc. # 224) going along with government's lead in evading the substantive constitutional issue that was raised in Doc. # 213.

On January 27, 2021 the undersigned filed his Objection to the Magistrate's Findings and Recommendations (Doc. # 225) showing this Court that, by evading the issue raised and by remaining silent on the facts and the merits contained in Doc. # 213, even the Magistrate had conceded the fact that the underlying indictments are constitutionally flawed.

On February 10, 2021 in Doc. # 226 the government filed a reply to my Objection, but again, *tellingly*, it failed to even mention the issues raised showing why the indictments themselves are flawed, and again, *notably*, it failed to rebut any of the specific facts laid out in Doc. # 213 and failed to rebut any of the applications of the laws relied upon therein challenging the indictments, and again, *patently*, it failed to rebut the merits of the issues contained in Doc. # 213 showing that each of the indictments on their faces is fatally flawed for failing to allege all the essential elements of the "crime" intended to be charged.  In other words, by remaining silent on the facts and issues raised, the government for a second time conceded that the indictments are fatally flawed.

On March 1, 2021 in Doc. # 227 this Court made an Order Adopting the Magistrate's Findings and Recommendations in full and denying my Motion.

## MOTION FOR CLARIFICATION

There is no Federal Rule of Civil Procedure specifically governing "motions for clarification", but numerous federal courts have allowed such motions without resort to FRCP standards. See, e.g., *United States v. Philip Morris USA Inc.*, 793 F.Supp. 2D 164, 168 (D.D.C. 2011); *Potter v. District of Columbia*, 382 F.Supp. 2D 35,42 (D.D.C. 2005).

The undersigned thereby seeks clarification of the Court's Order contained in Doc. # 227 as follows:

1. On pages 2 & 3 of the Order, the Court has recognized that I have never been charged with a failure to collect employment taxes. The Court then goes on to say that this "does not affect the Court's overall determination."

> The language of § 7501 limits the trust to "the amount of the taxes *withheld or collected.*" (Emphasis added by Court.) Comparing that language with 6672, which imposes liability for a willful failure to collect as well as failure to pay over, makes clear that under § 7501 there must be a nexus between the funds collected and the trust created.
> *Slodov v. United States*, 436 U.S. 238, 256 (1978)

> Section 7501 obviously intends to give the United States the advantages of a trust beneficiary with respect to collected and withheld taxes.
> *Begier v. Internal Revenue Service*, 496 U.S. 53, 70 (1990) Concurrence by Justice Scalia

Since the Supreme Court has declared that a trust fund only comes into existence upon the collection or the withholding of a tax, <u>may the Court please clarify</u> that if I was never charged with a failure to collect the taxes, then under what statutory authority can I be held to be willfully liable to account for or pay over a tax that was never collected in the first place?

2. As a matter of law, <u>may this Court please clarify</u> whether or not it finds that the statutory definition of the term "employment taxes" [see e.g., 26 USC § 7436(e)] is to be equated with the statutory definition of "trust fund taxes" [see 26 USC § 7501].

3. On page 3 of its Order, the Court has stated that I was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes.

> Section 6672 cannot be read as imposing upon the responsible person an absolute duty to "pay over" amounts which should have been collected and withheld. The fact that the provision imposes a "penalty" and is violated only by a "willful failure" is itself strong evidence that it was not intended to impose liability without personal fault. Congress, moreover, has not made corporate officers personally liable for the corporation's tax obligations generally, and § 6672 therefore should be construed in a way which respects that policy choice.
> ***Slodov v. United States***, 436 U.S. 238, 256 (1978)

Since I was never charged as being an "employer", as a matter of law, <u>may this Court please clarify</u> where in USC Title 26 someone other than an "employer" is made liable with the duty of accounting for and paying over "employment taxes."

4. Since on page 9 the Court found that "Frank did not object to Judge Cavan's other findings that Frank's motion is untimely," <u>may the Court please clarify</u> how a motion concerning substantive violations of the 5th and 6th Amendments of the

Constitution and involving null and void criminal judgments can ever be untimely. If a judgment is null and void *ab initio*, it is as if it has never existed in time.

> Where rights secured by the Constitution are involved, there can be no rulemaking or legislation which would abrogate them.
> ***Miranda v. Arizona***, 384 U.S. 436, 491 (1966)

5. May this Court please clarify its position in regard to subject matter jurisdiction over any criminal judgment that stems from a fatally flawed indictment.

6. Since in its Order the Court has chosen not to even consider the facts and the merits of the issues raised in Doc. # 213, may the Court please clarify as a matter of law whether it is to be implied that the Court thereby concedes that the facts contained in Doc. # 213 are true and that the issues raised therein are meritorious?

7. If it is to be deemed that the Court *has* conceded that the underlying indictments are, as a matter of fact and as a matter of law, fatally flawed in violation of the 5th and 6th Amendments of the Constitution, may the Court please clarify how the government has any standing to proceed in trying to enforce the liens based upon the underlying criminal judgments that have been promulgated without constitutional due process of law.

8. If it is to be deemed that the Court *has* conceded that the underlying indictments are, as a matter of fact and as a matter of law, fatally flawed in violation of the 5th and 6th Amendments of the Constitution, then may the Court please clarify how it has any jurisdiction to proceed.

9. If the Court *has not* conceded that the underlying indictments are fatally flawed, <u>may the Court please clarify</u> where in the records of the underlying criminal Courts it has found that this issue (of fatally flawed indictments) has been raised and has been determined by such criminal Court with specific Findings of Fact and Conclusions of Law laid out explicitly in explanation of such determination.

## CONCLUSION

In the interests of manifest justice, may the Court respond to the above 9 points of clarification to its Order Re the Magistrate's Findings and Recommendations so that in the future the undersigned can fashion an intelligent appeal to the Ninth Circuit Court of Appeals.

Respectfully submitted this 15th day of March 2021,

*F. McLain*
_____
Francis L. McLain, *in propria persona*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Defendant' Frank McLain's Motion*

*For Clarification RE: The Order in Doc. # 227* was duly served on this 15th day of

March 2021, as follows, to wit:


Via CM/ECF:

     Ryan S. Watson, U.S. Attorney
          Ryan.Watson@usdoj.gov

     Kurt Alme, U.S. Attorney
     Victoria Francis, Assistant U.S. Attorney
          Victoria.Francis@usdoj.gov

     Elizabeth W. Lund
          lund@berglawfirm.com

     JJ England
          jj@braatenlawfirm.com

     Alexander L. Roots
          alex@planalplaw.com

_F. McLain_

Francis L. McLain