UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRANCIS MCLAIN, et al.,<br><br>    Defendants.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Intervenor Defendant and Counter/ Cross-Claimant.<br><br>vs.<br><br>FAITH MCLAIN, et al.,<br><br>    Counterclaim Defendants and<br><br>FRANCIS MCLAIN, et al.,<br><br>    Crossclaim Defendants and | CV 16-36-BLG-SPW<br><br>ORDER RE MOTION FOR CLARIFICATION |

1

| | |
|---|---|
| AMERICAN BANK OF MONTANA, et al., | |
| Additional Defendants on United States' claims. | |

Before the Court is Defendant Francis ("Frank") McLain's Motion for Clarification (Doc. 229), filed March 15, 2021.

## I.  Procedural Background

United States Magistrate Judge Cavan filed Findings and Recommendations (Doc. 224) on January 13, 2021, regarding Frank's Motion to Acknowledge Fatal Flaws in Underlying Indictments (Doc. 213). Magistrate Cavan recommended denying the motion on the basis that the deadline for filing motions challenging the United States' indictments had passed and the 'law of the case' doctrine precluded the Court from revisiting prior rulings. (Doc. 224 at 9). Frank timely objected to Magistrate Cavan's Findings and Recommendations. (Doc. 225). The Court adopted Magistrate Cavan's Findings and Recommendations in full. (Doc. 227). Frank now moves for clarification of the Court's order adopting the Findings and Recommendations. (Doc. 229).

//

## II. Discussion

Frank seeks clarification on a number of issues, almost all of which pertain to the merits of Frank's underlying indictments and the subject matter jurisdiction of this Court to preside over the case. Essentially, Frank attempts to collaterally attack Magistrate Cavan's and this Court's prior rulings through the use of a so-called motion for clarification. The Court finds this practice inappropriate and without legal basis.

Further, Frank's motion for clarification misconstrues the Court's prior order adopting Magistrate Cavan's Findings and Recommendations. For instance, Frank's first request for clarification pertains to the Court's decision to remove a portion of Magistrate Cavan's factual recitation describing how Frank was originally charged with failure to collect employment taxes. Frank objected to this statement by arguing that he was never charged with failure to collect. The Court removed the specific reference from its order but only after stating that the objection did not affect the Court's overall ruling on the matter. (Doc. 227 at 2-3). Frank construes this act of removal as a concession that Frank's objection had merit. That was not the determination of the Court. Instead, the Court agreed with Magistrate Cavan's findings that the deadline for motions challenging the United States' claims had long since passed and that the 'law of the case' doctrine

3

precluded the Court from reconsidering the previously resolved issues. The Court's decision to remove a contentious portion of Magistrate Cavan's factual recitation played no part in reaching the merits of the Court's ruling and should not be construed as a finding by the Court that Frank's objection had merit.

Frank's remaining requests for clarification represent nothing more than inappropriate attempts to relitigate his argument that his underlying indictments are fatally flawed. The Court's ruling and the basis for that ruling were sufficiently laid out in its previous order adopting Magistrate Cavan's Findings and Recommendations. (See Docs. 227 & 224).

### III. Conclusion

IT IS ORDERED that Frank's Motion for Clarification (Doc. 229) is DENIED.

DATED this 8th day of April, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge