IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> FRANCIS MCLAIN, *et al.*, <br><br> Defendants. <br><br> THE UNITED STATES OF AMERICA, <br><br> Intervenor Defendant. | CV 16-36-BLG-SPW <br><br> ORDER |

Before the Court are several motions filed by Defendant Francis McLain including a Motion for Relief under Fed. R. Civ. P. 60(b)(4) from the Final Judgment in the U.S. District Court of Montana (Doc. 239), a Challenge to the Government's Jurisdiction (Doc. 240), a Motion for Relief under Fed. R. Civ. P. 60(b)(4) from the Final Judgment in the U.S. District Court of Minnesota (Doc. 241), and a supplemental Motion for Relief from Final Judgment in the U.S. District Court of Minnesota (Doc. 248). The Government opposes each of the motions. (Docs. 246, 254). The Motions are deemed ripe and ready for adjudication. For the following reasons, the Court denies Defendant's Motions.

1

McLain once again challenges his criminal judgments in the U.S. District Courts of Minnesota and Montana by arguing the judgments are void and therefore this Court has no jurisdiction to proceed with the Government's current lien claims.

In 2008, McLain was convicted of nine counts of Failure to Account for and Pay Over Employment Taxes in the U.S. District Court of Minnesota. *See United States v. Francis L. McLain*, 08-CR-10-PJS-FLN (D. Minn. 2008). This conviction was affirmed in two published opinions by the Eighth Circuit Court of Appeals and McLain's request for postconviction relief was denied. *See United States v. McLain*, 646 F.3d 599 (8th Cir. 2011); *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013); *United States v. McLain*, 2013 WL 5566503 (D. Minn. 2013). In 2010, McLain was convicted of Damage to Government Property in the U.S. District Court of Montana. *See United States v. McLain*, 08-CR-138-BLG-RDC (D. Mont. 2010). McLain did not appeal the conviction and his request for postconviction relief was denied. *Id.*

McLain submits his latest challenge under Fed. R. Civ. P. 60(b)(4), asserting his prior convictions are void and that this Court has no jurisdiction to enforce convictions obtained in violation of the Constitution. Fed. R. Civ. P. 60(b)(4) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following

reasons . . . the judgment is void." However, a court cannot grant relief simply because a previous judgment may have been made in error. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Federal Trade Commission v. John Beck Amazing Profits, LLC*, 2021 WL 4313101, *2 (C.D. Cal. Aug. 19, 2021) (quoting *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). "Total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and only rare instances of a clear usurpation of power will render a judgment void." *Id.* A motion under Rule 60(b)(4) "is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (internal citations omitted).

Here, McLain points to arguments he previously made in several motions that the Court has rejected. Specifically, McLain argues that his Montana judgment was made in violation of his 5th and 6th Amendment rights because the Government did not assert *mens rea* as an element of the crime charged. McLain confesses that he acted knowingly and consciously but because he did not know that his conduct was illegal, and because the Government allegedly did not inform him that intent was an element of the crime to be proven, McLain argues no crime took place.

McLain also references arguments that his conviction out of the U.S. District Court of Minnesota was made in violation of his 5th and 6th Amendments rights. McLain asserts several grounds for allegedly finding his prior judgment void including: (1) the indictment failed to allege all elements of the crime stated; (2) the Government and court did not have personal jurisdiction over McLain; (3) the Government had no authority to pursue a penalty against a member or manager of an LLC under Minnesota law; (4) the Government and district court did not have subject-matter jurisdiction over McLain in regards to employment taxes; (5) the essential element of "willfulness" cannot exist without a statutory legal duty; (6) a "responsible person" cannot be held criminally liable for employment taxes under the law; (7) the indictment and jury instructions created a crime that did not exist; and (8) at sentencing, the district court conducted fact-finding in violation of the 6th Amendment.

The Court finds that McLain, despite his numerous and persistent attempts, has presented no argument that qualifies either judgment for relief under Rule 60(b)(4). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Espinosa*, 559 U.S. at 271. The assertions presented by McLain have at least an arguable basis for jurisdiction. Further,

McLain's judgments were reviewed and upheld in two Eighth Circuit Court of Appeals decisions, in the denial of his postconviction relief by the U.S. District Court of Minnesota, and in the denial of his postconviction relief by the U.S. District Court of Montana. A Rule 60(b)(4) motion is not a substitute for a timely appeal and McLain has been afforded numerous avenues for appeals previously whether he chose to take advantage of them or not. Therefore, the Court finds that McLain fails to reach the high bar set by Rule 60(b)(4) to show that his previous judgments were wholly void of jurisdiction or that McLain was deprived of his due process opportunity to noticed and heard.

The Court admonishes McLain that Local Rule 7.1(d)(2) limits the length of a brief in support of a motion to 6500 words unless the party obtains leave of the Court to extend the word-limit. In support of his Motion for Relief from the Minnesota Judgment, McLain submitted a brief totalling 47 pages with no certification of word count and a supplemental motion brief with a word count of 7,585 words. McLain did not seek the Court's approval to extend the word limit for either brief. While the Court proceeded to consider McLain's arguments this time, the Court will not indulge McLain in the future. Furthermore, "[f]iling serial motions to avoid word limits may result in denial of all such motions." Rule 7.1(d)(2)(D).

**IT IS HEREBY ORDERED** that Defendant Francis McLain's Motion for Relief from the Final Judgment in the U.S. District Court of Montana (Doc. 239), Motion for Relief from the Final Judgment in the U.S. District Court of Minnesota (Doc. 241), Challenge to the Government's Jurisdiction (Doc. 240), and Supplemental Motion for Relief from the Final Judgment in the U.S. District Court of Minnesota (Doc. 248) are **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 7th day of December, 2021.

SUSAN P. WATTERS
United States District Judge