IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, *et al.*, | CV 16-36-BLG-SPW |
| Plaintiffs, | |
| vs. | ORDER |
| FRANCIS MCLAIN, *et al.*, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Intervenor Defendant. | |

Before the Court are Intervenor Defendant United States of America's Motion for Partial Summary Judgment (Doc. 264), filed December 10, 2021, and Defendants Francis McLain *et al.*'s ("Defendants") Motion for Summary Judgment (Doc. 267), filed December 11, 2021. Both motions have been fully briefed and are ripe for adjudication. For the following reasons, both motions are denied.

The Court is well acquainted with the facts of this case, having recited them numerous times in prior orders. As such, the background facts need not be repeated here. For a full recounting of the facts and circumstances leading to the present lawsuit, see Doc. 122.

I.  **INTRODUCTION**

On September 13, 2021, the Court issued an order dismissing all claims, counterclaims, and crossclaims between Plaintiffs Faith McLain *et al.* and Defendants Francis McLain *et al.* following a settlement between the two parties. (Docs. 252 & 243). On September 22, 2021, the Court granted the parties' stipulated motion dismissing Plaintiffs with prejudice. (Doc. 257).

With the Plaintiffs' dismissal, the United States and the Defendants submitted motions for summary judgment based on arguments previously raised and opposed by the Plaintiffs. The United States and the Defendants assert that because the Plaintiffs no longer oppose the various arguments, circumstances have substantially changed making it appropriate for the Court to revisit the arguments.

The United States moves for partial summary judgment regarding a one-fourth interest in the E-3 Ranch ("the Property") originally obtained by Francis McLain ("Frank") from Brad Hall in 2008. (Doc. 264). This argument was first raised by the Defendants in a prior motion for summary judgment in 2017. (*See* Doc. 82). In that motion, the Defendants argued that because the Court had invalidated the E-3 Trust and voided any property transfers involving the Trust, Frank's transfer of his one-fourth interest in the Property to the Trust was ineffectual and title for that interest should be quieted with Frank. (Doc. 83 at 12). The Court refrained from ruling on this argument because, at the time, Plaintiffs

2

and Defendants contested whether Brad Hall's interest in the Property consisted of a ten-acre parcel or related to the entire Property. Judge Cavan found that disputed issues of material fact existed regarding this dispute and the Court agreed. Because issues of material fact prevented a determination on the portion of Brad Hall's interest, the Court found that it would be premature to rule on Defendants' request to quiet the one-fourth interest Frank received from Brad Hall in Frank. (Doc. 132 at 8).

Now that Plaintiffs have been dismissed along with any claim they may have had to the Property, the United States asks the Court to revisit Defendant's prior argument and quiet title in Frank's alleged one-fourth interest. The Defendants respond that the United States presents the argument out of context and, to the extent the assertion to quiet title is still valid, the Defendants explicitly withdraw their former motion. The motion to quiet title was originally presented as an alternative argument, according to Defendants, after the Court had denied Defendants' motion regarding adverse possession and invalidated the E-3 Trust. Now, Defendants move the Court for a judgment that Caroline McLain adversely possessed the Property from Frank. Or, in the alternative, Defendants ask the Court to review its previous ruling that the E-3 Trust was invalid. (Doc. 267).

## II. DISCUSSION

3

Prior to addressing the parties' arguments, the Court must clarify a point of law relied upon in the Defendants' and the United States' briefs, although primarily regarding the arguments raised by Defendants. Both sides reference the law of the case doctrine when arguing whether the Court should or should not revisit its prior decisions denying Defendant's motion for summary judgment on adverse possession and determining that the E-3 Trust was invalid. However, "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). The doctrine most aptly applies in the situation where a higher court decides an issue that then precludes the lower court from reconsidering that issue unless certain exceptions are met. *Id.* That is not the situation here. While the Court has decided prior arguments involving Frank McLain's convictions under the law of the case doctrine—several of which were affirmed by the Eighth Circuit except for Frank's conviction in the U.S. District Court of Montana that was not appealed—the extent of the doctrine's applicability has become muddied. For the arguments here, which do not involve any determinations made by a court of appeals, the most appropriate channel to seek review of an interlocutory order would be through a Local Rule 7.3 Motion for Reconsideration.

Regardless, in this instance the Court finds that judgment in favor of either motion is inappropriate. The Court will first address Defendants' motion. Defendants seek judgment in their favor that Caroline McLain adversely possessed the E-3 Ranch from her husband, Frank. Defendants previously made this argument in a combined motion for summary judgment and motion to dismiss. (Doc. 23). Magistrate Judge Carolyn Ostby reviewed Defendants' claim and determined that genuine issues of material fact existed preventing summary judgment. Specifically, Judge Ostby cited several contradicting affidavits from Frank, Caroline, and Mary McLain concerning whether Caroline's possession of the Property was permissive or not. (Doc. 67 at 43-44). The Court reviewed and adopted Judge Ostby's Findings. (Doc. 75 at 9). Defendants now argue that because Plaintiffs have been dismissed, they are no longer stating objections to Defendants' adverse possession claim and the basis for the Court's denial no longer exists. (Doc. 268 at 7-8). However, as the United States points out, Plaintiffs' dismissal does not mean that the affidavits and evidentiary contradictions cease to exist. The absence of a party now does not change what facts and circumstances existed in 2017 when the Court denied summary judgment on Defendants' adverse possession claim. Therefore, the Court again denies Defendants' motion for summary judgment on adverse possession for the reason that genuine issues of material fact exist preventing summary judgment.

Defendants also move in the alternative to quiet title in Caroline via transfer from the previously invalidated E-3 Trust. Defendants make a similar argument here that, because Plaintiffs have been dismissed, the arguments raised by Plaintiffs that the Trust was invalid are moot. (Doc. 268 at 16). This argument is even less persuasive to the Court because the Court has previously determined that, as a matter of law, the E-3 Trust was invalid. (Doc. 78 at 18). Again, the dismissal of a party does not change the facts, circumstances, and law that existed at the time the Court made its prior determination. Defendants argue further that the Court's prior determination was clearly erroneous. Having reviewed its prior order and the case law upon which the determination was made, the Court disagrees with Defendants and finds that the prior determination was supported by applicable Montana caselaw.

Finally, Defendants make another alternative argument that because Plaintiffs are no longer present to object, the Court should reconsider reforming the E-3 Trust or creating a constructive trust for Defendants' benefit. Again, the Court has previously denied this motion. (See Doc. 221). The Court is not persuaded to reverse its previous determination that genuine issues of material fact exist precluding the equitable relief requested.

The United States moves for summary judgment based on an alternative claim previously requested by Defendants to quiet title in Frank McLain regarding

a one-fourth interest in the Property originally deeded to Frank by Brad Hall. Defendants respond that this argument was presented out of context and is now expressly withdrawn. Regardless, the Court finds that because disputed issues of material fact prevent a final determination on Defendants' adverse possession claim, it would be premature and inappropriate to attempt to quiet title in Frank. Should the jury determine that Caroline McLain did adversely possess the entire Property, such a determination would render moot any order from this Court quieting title of a portion of that Property in Frank McLain. Therefore, the Court denies the United States' Motion.

## III.  CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion for Partial Summary Judgment (Doc. 264) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 267) is **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 20th day of May, 2022.

_____
SUSAN P. WATTERS
United States District Judge