IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, *et al.*, | CV 16-36-BLG-SPW |
| Plaintiffs, | |
| vs. | ORDER |
| FRANCIS MCLAIN, *et al.*, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Intervenor Defendant. | |

Before the Court are two motions filed by Defendant Francis McLain

("Frank"): a Motion for Judicial Notice (Doc. 270) and a Motion for Clarification

(Doc. 273). Both motions are deemed ripe and ready for adjudication.

Both motions regard Frank's continued assertion that the Court and

Government lack jurisdiction to continue the current matter because his previous

convictions were unconstitutional. In his Motion for Judicial Notice, Frank lists

several alleged due process violations that he believes the Government has

conceded by not addressing the merits of the arguments. The Government responds

that because Frank's prior convictions were either affirmed by the Eighth Circuit

Court of Appeals or denied on post-conviction relief, the law of the case doctrine

precludes this Court from unilaterally attacking the convictions and Frank has not

demonstrated that any exception to that doctrine exists here. (Doc. 275 at 5-6). The

Court has previously rejected Frank's arguments multiple times based on its own

determination regarding collateral estoppel and the law of the case doctrine. (*See*

Docs. 131, 220, and 227). It is unclear what relief Frank seeks from his Motion for

Judicial Notice, but the Court remains unconvinced of Frank's ability to

collaterally attack his prior convictions and the Court reaffirms the reasoning

expressed in those prior decisions.

Regarding Frank's Motion for Clarification, Frank requests that the Court

clarify its prior decision denying Frank's Motion for Relief under Fed. R. Civ. P.

60(b)(4). The Court determined relief under Rule 60(b)(4) was not appropriate

because an arguable basis existed for jurisdiction, as demonstrated by two Eighth

Circuit Court of Appeals decisions, a denial of postconviction relief by the U.S.

District Court of Minnesota, and a denial of postconviction relief by the U.S.

District Court of Montana. (Doc. 263 at 4-5). Frank now contends that the Court's

determination was vague and asks the Court to specify which law or constitutional

provision provides the grounds for jurisdiction based on several arguments Frank

has repeatedly presented to the Court. The Court determined, and previously

determined multiple times before, that Frank's arguments fail to reach Rule 60's

high bar of demonstrating how the prior convictions were wholly void of

jurisdiction. The Court's prior order was sufficiently clear, and the Court denies

Frank's Motion for Clarification. Therefore,

**IT IS HEREBY ORDERED** that Defendant Francis McLain's Motion for

Judicial Notice (Doc. 270) and Motion for Clarification (Doc. 273) are **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this

Order.

DATED this _24th_ day of May, 2022.

SUSAN P. WATTERS
United States District Judge