IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FAITH MCLAIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> FRANCIS MCLAIN, et al., <br><br> Defendants. <br><br> THE UNITED STATES OF AMERICA, <br><br> Intervenor Defendant. | CV 16-36-BLG-SPW <br><br> ORDER ON MOTIONS IN LIMINE |

Before the Court is Intervenor Defendant The United States of America's Motion in Limine (Doc. 293) and Defendant Francis McLain, *et al.*'s ("McLain Defendants") Motion in Limine (Doc. 294). The United States asks the Court to preclude McLain Defendants from introducing evidence to challenge Francis ("Frank") McLain's tax liability. (Doc. 293 at 1-2). McLain Defendants ask the Court to preclude the introduction of: (1) evidence of Frank's criminal convictions to attack his character for truthfulness; (2) evidence of Frank's unpaid taxes and tax evasion; and (3) evidence or arguments premised on any interest in the E-3

1

Ranch previously asserted by Faith McLain, *et al.* ("McLain Plaintiffs"). (Doc. 295).

For the following reasons, the Court grants the United States' motion. On McLain Defendants' motion, the Court grants the request to exclude Frank's criminal conviction for damage to government property and denies the remaining requests in the motion.

**I.    Statement of Facts**

The facts of this case are well-known to the Court, and only those events relevant to the Court's decision will be repeated here.

This case began as a property ownership dispute between family members and has since evolved into the United States seeking to foreclose on that property—the E-3 Ranch—in pursuit of its validly-held tax liens against Frank. After the resolution of a variety of motions and the stipulated dismissal of the McLain Plaintiffs, the dispositive issue in this case is whether Frank's wife, Caroline McLain, adversely possessed the E-3 Ranch from Frank. If Caroline adversely possessed the property from Frank, the United States cannot foreclose on the E-3 Ranch. If Caroline did not adversely possess the property from Frank, the United States can proceed with foreclosure. The parties filed these motions in limine in preparation for the trial scheduled for November 14, 2022.

**II.   Legal Standard**

2

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court only will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.* In ruling on motions in limine, the Court retains wide discretion. *Id.*

## III. Analysis

Both the United States and McLain Defendants filed motions in limine. The Court will address each in turn.

### A. The United States' Motion

Evidence must be relevant to be admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Deciding whether "'a fact is of consequence in determining the action' requires considering the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Generally, the threshold for relevance is low. *Id.*

The United States asks the Court to preclude McLain Defendants from introducing evidence challenging Frank's tax liability or validity of the federal tax liens. (Doc. 293 at 1-2). The United States argues that such evidence is irrelevant and will unnecessarily prolong the trial. (*Id.* at 5-6). The United States notes that

3

Frank and McLain Defendants repeatedly have challenged Frank's tax liability in his criminal case in the Eighth Circuit and in the present case, and that the Court repeatedly has held that Frank is precluded from re-litigating the issue of liability based on collateral estoppel and law of the case. (*Id.* at 2-5).

McLain Defendants contend that the tax assessment levied from Frank's criminal conviction is infirm, and since the tax assessment relates to the amount the United States seeks to foreclose on, such evidence is relevant. (Doc. 299 at 2).

The Court agrees with the United States that evidence challenging Frank's tax liability or the validity of the tax liens is irrelevant. First, as the Court has repeatedly ruled, the McLain Defendants lack standing to challenge the merits of Frank's tax assessments, and Frank is barred from relitigating the elements of a challenge to the liens' validity. (*See* Doc. 131 at 4-5; Doc. 220 at 15-17). Second, such evidence has no bearing on whether Caroline adversely possessed the E-3 Ranch and whether the United States can foreclose on its lien—the only remaining issues in this case. Accordingly, evidence challenging Frank's tax liability or validity of the tax liens is not relevant and prohibited under FRE 402.

**B. McLain Defendants' Motion**

McLain Defendants ask the Court to preclude the use of three categories of evidence: (1) evidence of Frank's criminal convictions to impeach him; (2)

4

evidence of Frank's unpaid taxes and tax evasion; and (3) evidence or argument premised on interests in the E-3 Ranch asserted by McLain Plaintiffs. (Doc. 295).

### 1. Criminal Convictions

Evidence of a witness's felony convictions generally must be admitted in a civil case to impeach the witness. Fed. R. Evid. 609(a)(1)(A). If more than 10 years have passed since the witness's conviction or release from confinement, whichever is later, then the proponent must (1) show that the probative value of the evidence substantially outweighs its prejudicial effect, and (2) give reasonable written notice to the adverse party of their intended use. Fed. R. Evid. 609(b).

The question of what event defines the end of the 10-year timeline is unresolved among and seldom addressed by the circuit courts. 28 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6136 (2d ed. 2022). The Ninth Circuit has held that the 10-year period ends on the date of the indictment in the present case, but the court has not crafted a rule applicable to civil cases or non-defendant witnesses. *United States v. Lorenzo*, 43 F.3d 1303, 1308 (9th Cir. 1995). The majority of other circuits use the start date of the trial, though the 5th and 6th Circuits reference the date of the witness's testimony. *United States v. Thomas*, 815 F. App'x 671, 677 (3rd Cir. 2020) (date of trial); *United States v. Stoltz*, 683 F.3d 934, 939 (8th Cir. 2012) (same); *United States v. Thompson*, 806 F.2d 1332, 1339 (7th Cir. 1986) (same); *United States v. Peatross*,

5

377 F. App'x 477, 492 (6th Cir. 2010) (date of testimony); *United States v. Cathey*, 591 F.2d 268, n.15 (5th Cir. 1979) (date of testimony).

McLain Defendants seek to preclude the introduction of Frank's felony convictions for tax evasion (2008) and damage to government property (2010) based on FRE 609(b) because 10 years will have passed from Frank's release from prison on both convictions on the second day of trial (November 15, 2022). (Doc. 295 at 2-3). Additionally, McLain Defendants argue that neither conviction has probative value in the adverse possession issue. (*Id.* at 3). The United States asserts that McLain Defendants' invocation of FRE 609(b) is premature, since the start of trial precedes the 10th anniversary of Frank's release from prison, and that both convictions are relevant to "several of the [United States'] claims and defenses." (Doc. 298 at 6-7). It is not clear whether the United States believes that it can introduce evidence of his criminal convictions after or only on the first day of trial. Regardless, neither party cites to any authority supporting the end point for the 10-year timeline that the Court should apply.

Since the Ninth Circuit does not have an end-date rule specific to civil cases, the Court will use the civil filing most analogous to an indictment—the complaint. Here, the relevant complaint is the one filed by the United States on April 7, 2016. (Doc. 20). The time between Frank's release from prison on November 15, 2012, and the filing of the United States' complaint is only about three and a half years.

6

Accordingly, the admissibility of Frank's criminal convictions is determined by FRE 609(a), not FRE 609(b).

If the Court applies the majority rule of measuring the 10 years relative to the start date of the trial, the outcome does not change. The 10th anniversary from Frank's release from prison is on November 15, 2022, and the start date of trial is November 14, 2022.

Applying FRE 609(a), Frank's criminal convictions are admissible, unless their probative value is substantially outweighed by their prejudicial effect or the evidence is irrelevant. As to Frank's tax evasion conviction, the probative value for impeachment is high, since tax evasion is a crime of dishonesty. Further, Frank's character for truthfulness is relevant to the United States' claims of fraudulent transfer. (*See* Doc. 298 at 3-4). The evidence's prejudicial effect, meanwhile, is low because this case is proceeding to a bench trial and the Court is well acquainted with Frank's criminal history.

As to his conviction for damage to government property, the Court finds that the probative value and prejudicial effect are both low. On the one hand, damage to government property does not relate to a person's character for truthfulness. On the other hand, the Court is well aware of Frank's criminal history. As to relevance, since Frank's sentence for damage to government property ran concurrent to his tax evasion sentence, introduction of such evidence is not

essential to the United States' arguments implicating Frank's time in prison. (*See* Doc. 298 at 3-4). Finally, the United States did not provide (nor can the Court think of) a reason why a damage to government property conviction would be relevant to any of its claims or defenses. Accordingly, the evidence of Frank's conviction for damage to government property is not relevant and therefore inadmissible under FRE 402.

In conclusion, the Court denies McLain Defendants' request to exclude evidence of his conviction for tax evasion but grants their request to exclude evidence of Frank's conviction for damage to government property.

### 2. Evidence of Frank's Unpaid Taxes and Tax Evasion

McLain Defendants argue that evidence of Frank's unpaid taxes and tax evasion should be excluded because such evidence is not relevant to determining Caroline's adverse possession claim and would unnecessarily prejudice Frank in front of the jury. (Doc. 295 at 4). The United States stated that it intends to use evidence of Frank's tax evasion to argue against a finding of adverse possession, specifically that Caroline's possession of the E-3 Ranch tolled while Frank was in prison, Caroline was Frank's nominee with respect to the ownership of the E-3 Ranch, and Frank fraudulently transferred the E-3 Ranch to avoid liability. (Doc. 298 at 4-6).

The Court agrees with the United States that evidence of Frank's unpaid taxes and tax evasion is relevant because the United States intends to use such evidence to argue that Caroline did not adversely possess the E-3 Ranch. Since adverse possession is a determinative issue in this action, these facts are of consequence in determining this action. Fed. R. Evid. 401. Further, because the case is proceeding to a bench trial and the Court is well acquainted with the facts in this case, the Court is not concerned with improper influence over the factfinder. Accordingly, the evidence is relevant and admissible.

### 3. Evidence or Arguments Concerning the Interest in the E-3 Ranch Previously Asserted by McLain Plaintiffs

McLain Defendants finally argue that the Court should preclude the United States from offering any evidence or arguments premised on the interest in the E-3 Ranch asserted by McLain Plaintiffs. (Doc. 295 at 5). McLain Plaintiffs previously stipulated to dismissing themselves from the case and dropping their claims to an interest in the E-3 Ranch. (Doc. 257). McLain Defendants contend that this stipulation rendered the facts supporting McLain Plaintiffs' interest in the E-3 Ranch moot. (Doc. 295 at 7). The United States disagrees with McLain Defendants' argument, stating that dismissal of McLain Plaintiffs does not nullify the evidence.

As the Court has previously held, "[McLain] Plaintiffs' dismissal does not mean that the affidavits and evidentiary contradictions cease to exist. The absence

9

of a party now does not change what facts and circumstances existed in 2017 when the Court denied summary judgment on [McLain] Defendants' adverse possession claim." (Doc. 284 at 5). For the same reason, the Court denies McLain Defendants' request to exclude evidence or arguments concerning any interest in the E-3 Ranch asserted by McLain Plaintiffs.

## IV. Conclusion

The Court finds that evidence challenging Frank's tax liability and the validity of the tax liens, and evidence of Frank's criminal conviction for damage to government property are excluded at trial. However, all other evidence McLain Defendants sought to exclude may be introduced.

IT IS HEREBY ORDERED that Intervenor Defendant the United States of America's Motion in Limine (Doc. 293) is GRANTED. IT IS FURTHER ORDERED that Defendant Francis McLain, et al.'s Motion in Limine (Doc. 294) is GRANTED as to exclusion of his criminal conviction for damage to government property and DENIED as to all other issues.

DATED this 27th day of October, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge