IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Intervenor<br>　　　　　　　Defendant,<br><br>vs.<br><br>FRANCIS MCLAIN, Individually, and as Co-Manager of TERA BANI RETREAT MINISTRIES; CAROLINE MCLAIN, Individually, and as Managing Director of TERA BANI RETREAT MINISTRIES; and ALAKHI JOY MCLAIN, SOHNJA MAY MCLAIN, AND DANE SEHAJ MCLAIN, as Beneficiaries of the E-3 RANCH TRUST,<br><br>　　　　　　　Defendants. | CV 16-36-BLG-SPW |

Before the Court is Defendants Francis McLain, *et al.*'s Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. 338). Defendants argue that the Court made a variety of errors in its Findings of Fact, Conclusions of Law, and Judgment (Doc. 336) and asks the Court to alter its judgment to remedy the allege errors.  Intervenor-Defendant The United States of America maintains that the Court's conclusions were correct.  (Doc. 339).

For the following reasons, the Court denies Defendants' motion.

1

## I.    Background

The facts of this case are extensively laid out in the Court's Findings of Fact. (Doc. 336 at 2-11). As such, it will only briefly summarize those facts pertinent to the motion.

This case began as a property ownership dispute between family members and has since evolved into the United States seeking to foreclose on that property—the E-3 Ranch ("the Ranch")—in pursuit of its validly-held tax liens against Defendant Francis McLain ("Frank"). After the resolution of a variety of motions and the stipulated dismissal of the McLain Plaintiffs, the case proceeded to a bench trial on November 14, 2022.

By trial, the title holders of record of the Ranch were Frank (1/4 interest), Caroline (1/4 interest), and the Estate of Bernard McLain ("Bernard's estate") (1/2 interest). Both parties sought to upset title. The United States asserted that Frank actually owned a 3/4 interest in the Ranch based on its theories of nominee and fraudulent transfer. (Doc. 317). Defendants argued the United States could not prove the elements of those theories, and that Caroline held title to the Ranch via adverse possession. (*Id.* at 3). Defendants alternatively argued that the Court should reform the E-3 Ranch Trust ("the Trust"), which the Court invalidated on summary judgment, or declare a constructive trust to effectuate the intentions of the Trust with respect to the Ranch. (*Id.*).

2

On March 1, 2023, the Court issued its Findings of Fact, Conclusions of Law, and Judgment. (Doc. 336). The Court rejected Defendants' adverse possession argument, as well as the United States' fraudulent conveyance and nominee theories. It also declined to reform the Trust or create a constructive trust. As a result, it held that Frank held 1/4 interest in the Ranch, Caroline held a 1/4 interest, and Bernard's estate held a 1/2 interest.

On March 29, 2023, Defendants moved to alter the Court's judgment. (Doc. 338). Frank also filed a notice of appeal on April 27, 2023 (Doc. 341), which the Ninth Circuit is holding in abeyance pending the resolution of the instant motion. Clerk Order, Faith McLain v. Francis McLain, No. 23-35304 (9th Cir. June 12, 2023), ECF No. 4.

## II.    Legal Standard

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*,

3

197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis omitted). "'The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 551 F. Supp. 2d 1069, 1073 (E.D. Cal. 2008) (quoting Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1).[1] District courts have "considerable discretion" in deciding Rule 59(e) motions. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

## III.   Analysis

Defendants urge the Court to amend three parts of its judgment. Though they do not expressly state the basis for requesting the amendments, the Court reads their motion as asserting that the Court's conclusions were clear error and must be overturned. The Court will address each alleged error in turn.

### A.   Constructive Trust

Defendants first assert that the Court erred in refusing to create a constructive trust even though the Court found a constructive trust was appropriate. (Doc. 338 at 4). "A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that

---

[1] The case does not specify what edition and year of *Federal Practice and Procedure* it is citing to. However, the current edition contains the same language. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2801.1 (3 ed. 2023).

4

the person holding title would be unjustly enriched if the holder were permitted to retain it." Mont. Code Ann. § 72-38-123. To prove unjust enrichment in the context of a constructive trust, a party must show (1) a benefit conferred upon the title holder of the property; (2) an appreciation or knowledge of the benefit by the title holder of the property; and (3) the acceptance or retention of the benefit by the recipient under such circumstances that would make it inequitable for the recipient to retain the benefit without payment of its value. *N. Cheyenne Tribe v. Roman Catholic Church*, 296 P.3d 450, 457 (Mont. 2013).

Defendants argued at trial that the Court should create a constructive trust to effectuate the purposes of the voided Trust. The Court refused to create a constructive trust because, although Defendants satisfied the requisite elements, Defendants "did not expressly state at trial or in its proposed findings of fact and conclusions of law *who* should hold the constructive trust." (Doc. 336 at 22-23). Since Defendants did not identify the trust holder but generally argued that the Trust is the proper owner of the Ranch, the Court assumed Defendants intended to argue the constructive trust should vest in the Trust. (*Id.* at 23). The Court found a constructive trust in the Trust was inappropriate because the Trust did not financially contribute to the Ranch and thus was not the victim of any unjust enrichment. (*Id.*). Because the Court determined it could not create a constructive

trust, the result was that Bernard's estate held a 1/2 interest, Frank held a 1/4 interest, and Caroline held a 1/4 interest in the Ranch. (*Id.*).

Defendants now argue the Court erred in refusing to create a constructive trust since the Court found a constructive trust was appropriate. (Doc. 338 at 4). Defendants primarily assert that the Court erroneously faulted Defendants for not identifying in whom the trust should vest. (*Id.* at 5-6). Defendants maintain that "the party in whom a constructive trust should vest is identified right in" Montana Code Annotated § 72-38-123, namely the "person holding title to the property." (*Id.* at 6). The persons holding title to the Ranch were Frank and Bernard's estate, so they "would be the persons upon whom constructive trust would be imposed, and they [would be] obligated to convey the property according to the intentions of the voided Trust." (*Id.*).

Defendants misconstrue what the Court found as the fatal flaw in their constructive trust argument. The Court understands that Frank and Bernard's estate were the ~~title hold the~~ "persons holding title" to the Ranch. What it was seeking from Defendants was the "another" mentioned in the statute, or who the person or entity to whom Frank and Bernard's estate must convey the Ranch. Defendants repeatedly state that Frank and Bernard's estate must convey the Ranch according to the intentions of the Trust. But, as the Court found based on Frank

6

and Caroline's testimony, the intention of the Trust—to avoid estate taxes—was mooted when the estate tax limit was raised above the value of the Ranch.

So, the Court is left with the same question it asked at trial and in its Findings of Fact and Conclusions of Law: If the purpose of the Trust is moot, then who would receive the property pursuant to a constructive trust? The only answer Defendants give in briefing in this motion is Caroline because the Trust at one point conveyed the property to her. However, Defendants never argued, nor did the testimony reveal, that conveyance to Caroline was ever a purpose of the Trust.[2] Deciding it to be now would be not only a misapplication of the facts to law but also improper under Rule 59(e).

Defendants additionally assert that the Court cannot simultaneously find that it would be inequitable for Bernard's estate to retain the property but then ultimately give Bernard's estate an interest. (Doc. 338 at 5). The Court disagrees. Defendants had the burden to not only prove that a constructive trust was appropriate but also provide to the Court the means by which it could redress the wrong created by the lack of a constructive trust. Though Defendants succeeded at the former, it absolved itself of the duty to do the latter. Without such direction, the Court cannot just pick at random to whom the property will be transferred

---

[2] In fact, in the Final Pretrial Order, Defendants write that the Trust was an estate planning device to lawfully avoid taxes and ensure Frank's *children* and the spiritual retreat owned the property. (Doc. 317 at 17).

pursuant to the constructive trust. As such, the Court settled on the most logical

option based on Frank and Caroline's testimony—the Trust—applied the law, and

concluded that vesting the constructive trust in the Trust would be erroneous.

Because a constructive trust was improper, the status quo based on the Court's

other rulings remained and kept title in, in part, Bernard's estate.

Defendants' other objections to the Court's conclusion concerning the

constructive trust are immaterial given the unreconciled issue of the "another" who

would receive the Ranch pursuant to the constructive trust. Thus, the Court finds it

did not commit clear error with respect to the constructive trust.

B.    *Additional Judicial Action*

Defendants next argue that the Court's decision to vest ownership of the

Ranch, in part, in Bernard's estate would not render complete justice because it

would lead to the re-opening of Bernard's probate proceedings. (Doc. 338 at 7-8).

As Defendants write, "[t]he entire purpose of this litigation was to sort out the

ownership of the E-3 Ranch property, but the Court's judgment punts the final

resolution of this issue to the state probate court[.]" (Doc. 340 at 9). Defendants

generally contend that further probate proceedings would cause them hardship and

provide the former plaintiffs in this action another opportunity to challenge the

ownership of the Ranch. (Doc. 338 at 8-11).

The potential for further judicial proceedings is not a reason for the Court to amend its judgment under Rule 59(e).  Further, the Court did not "punt" on the ultimate question presented in this case.  The Court conclusively decided property ownership: Bernard's estate holds a 1/2 interest, Frank holds a 1/4 interest, and Caroline holds a 1/4 interest.  Since the Court cannot decide probate matters given the limits on its jurisdiction, that is the extent of its decision-making powers.  Thus, the Court did not commit clear error.

## C.   Adverse Possession

Defendants last contend that the Court erroneously concluded that Caroline did not adversely possess the Ranch because she did not possess the property adversely to Frank, Bernard, and/or Frank and Caroline's children.  (Doc. 338 at 11).  Defendants specifically argue that the Court erred in requiring Defendants to identify the person/entity against whom Caroline adversely possessed, and that the Court erroneously based its assessment of the title holder on the retroactive voiding of the Trust.  (*Id.* at 11-14).

The Court did not raise the issue of the identification of the person/entity against whom Caroline was adversely possessing the Ranch for the first time in its Findings of Fact and Conclusions of Law.  Rather, the Court told Defendants they needed to identify such a person/entity at the Final Pretrial Conference and at trial.

9

By raising the issue yet again on a Rule 59(e) motion, Defendants are merely trying to relitigate issues on which they lost without new argument or caselaw.

Defendants also do not provide any legal support for its contention that the Court's retroactive voiding of the transfers was erroneous. Without legal citation to demonstrate the Court's error, the Court cannot amend its judgment under Rule 59(e).

As such, the Court finds it did not commit clear error and sustains its conclusion on the adverse possession issue.

## IV.   Conclusion

IT IS ORDERED that Defendants Frank McLain, *et al.*'s Motion to Alter Judgment (Doc. 338) is DENIED.

DATED this 29th day of September, 2023.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge